**In re Hellen ANDERSON and Allan Anderson, Debtors.**

**Bankruptcy No. 4–82–2171.**

United States Bankruptcy Court,
D. Minnesota.

April 17, 1987.

Lea M. De Souza, Lang, Pauly & Gregerson, Ltd., Minneapolis, Minn., for Creditor Robert S.C. Peterson, Inc.

Rockford R. Chrastil, Chrastil & Steinberg, Minneapolis, Minn., for debtors.

### ORDER DENYING MOTION TO REOPEN CASE

ROBERT J. KRESSEL, Chief Judge.

This case came on for hearing on the motion of debtor Allan Anderson to reopen this case under 11 U.S.C. § 350(b) and Bankruptcy Rule 5010. Rockford R. Chrastil appeared for the debtor and Lea M. De Souza appeared on behalf of Robert

S.C. Peterson, Inc. in opposition to the motion. Based on the files, records and argument of counsel, I make the following:

## MEMORANDUM ORDER

The debtor Allan Anderson together with his wife Hellen Anderson filed a Chapter 7 bankruptcy petition on December 1, 1982. Peterson was listed on the debtors' schedule of unsecured creditors. However, the addresses used for the creditor on the schedule and the mailing matrix were such that the clerk's notice of the case apparently did not reach Peterson, and Peterson's principals deny that they ever had any actual notice of the case until after an arbitration proceeding was commenced in 1984 in an attempt to collect Peterson's debt from Anderson. On September 12, 1986, after approximately two years of arbitration,[1] Peterson filed a complaint to determine the dischargeability of Anderson's debt to Peterson.[2] On February 17, 1987, Anderson filed this motion to reopen the case for the purpose of amending the debtors' schedule of unsecured creditors to list Peterson's correct address.

Anderson believes that amending his schedule would advance his position in the pending dischargeability proceeding and based on developing case law, there is much support for his belief. In fact if those cases are to be believed, allowing the case to be reopened and an amended schedule filed would be determinative of the dischargeability proceeding. *See Rosinski v. Boyd* (*In re Rosinski*), 759 F.2d 539 (6th Cir.1985) and *Stark v. St. Mary's Hospital* (*In re Stark*), 717 F.2d 322 (7th Cir.1983). The cases talk of reopening a case "to discharge a debt." While not always articulated, I think the argument goes as follows: the exception to discharge in § 523(a)(3)(A) is for debts "neither listed nor scheduled ... in time to permit ...

timely filing of a proof of claim...." If no claim filing period was ever fixed and if the case is reopened the debtor can file an amended schedule of creditors listing the previously omitted creditor. Since the debt is now listed or scheduled, it is discharged.

While many of those cases contain interesting analyses of issues of dischargeability and reach the correct result, they are inappropriately applied in the context of the reopening of a case and are for the most part based on false premises regarding the nature and effect of a discharge. It is very likely that this line of cases will be impossible to stop and by writing this opinion I will fare no better than King Canute[3] in his attempt to prevent the tide from rising on the shores of England.

A discharge under 11 U.S.C. § 727 acts as a discharge of all debts and operates as an injunction against any attempt to collect those debts pursuant to 11 U.S.C. § 524(a). However, § 523(a) lists a number of debts that are excepted from discharge and provides that a discharge does not discharge an individual from those debts. Thus while it is not entirely obvious, careful analysis reveals that the scope of a discharge is final when entered and subsequent events do not change what debts were or were not discharged by that discharge. However under § 523, certain debts are excepted from the discharge when entered.[4] Unfortunately, it is not always obvious which debts were excepted from the discharge and which debts were not, and therefore there may have to be a judicial determination of which debts were excepted from discharge. Since discharge in bankruptcy is an affirmative defense under Fed.R. Civ.P. 8(c) and similar state rules, that determination may have to be made by a court when an attempt is made to collect that debt.

---

1. The state court judge and the arbitrators refused to determine the dischargeability of the debt although clearly they could have.

2. Under Local Rule 106(i), it is not necessary to reopen a bankruptcy case to file a complaint to determine the dischargeability of a debt.

3. Circa 994–1035, King of England (1016–1035), King of Denmark (1018–1035), King of Norway (1028–1035).

4. Even some of the otherwise excepted debts are discharged by the discharge unless a complaint is filed to determine the dischargeability of those debts before the discharge is entered. 11 U.S.C. § 523(c).

Often, however, a complaint is filed in the bankruptcy court either before or after the discharge to litigate whether or not a certain debt was covered by the discharge or whether it was excepted from the discharge. Such actions are in the nature of actions for declaratory judgment since the relief sought is a determination of the dischargeability of the debt. The relief that would be granted to a debtor would not be an order that discharged the debt in question since that debt would already have been discharged. Rather, the relief would be a determination by the court that the debt was discharged. In fact, although frequently overlooked, the correct title of an action brought under § 523 is an action to determine the dischargeability of a debt. *See* 11 U.S.C. § 523(c) and Bankruptcy Rule 4007.

Once understood, it becomes obvious that reopening a case to allow amendment of schedules is futile. The debt in question was either discharged or excepted from discharge based on an analysis of § 523. Subsequent actions by the debtor cannot affect whether or not the debt has already been discharged. The correct procedure is to file a complaint to determine the dischargeability of the debt. *See Samuel v. Baitcher* (*In re Baitcher*), 781 F.2d 1529 (11th Cir.1986).

The explicit statutory provision governing situations like this one is § 523(a)(3)(A), not § 350(b). Section 523(a)(3)(A) provides for exceptions from discharge for certain debts that were:

> neither listed nor scheduled ... in time to permit ... timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing.... [5]

Certainly this language raises difficult questions regarding what being listed or scheduled means and what timely notice or actual knowledge means in a case like this one where no claim filing period was set and the case resulted in no distribution to creditors. Those difficult issues are being decided in the context of the adversary proceeding that has been brought to determine the dischargeability of Anderson's debt to Peterson, but allowing an amendment to schedules at this late date adds nothing to that inquiry.

Often the opinions dealing with reopening discuss these same issues, but since the opinions deal with reopening cases, the analyses sometimes do not comport as carefully with the statute as they should and different standards are sometimes used. For example, it is often said that the reopening of a case is left to the sound discretion of the bankruptcy judge. This I suspect is an easier standard for a debtor to meet than the burden that a debtor might have to meet in a dischargeability proceeding. However, the "sound discretion of the bankruptcy judge" is immaterial with respect to the determination of whether or not a debt like this one is excepted from the discharge under § 523(a)(3)(A). The sole issue is whether the creditor "had notice or actual knowledge of the case in time for such timely filing [of a proof of claim]." 11 U.S.C. § 523(a)(2)(A).

I hold that the filing of an amended schedule listing an omitted or incorrectly listed creditor after the discharge has been entered, in a no-asset chapter 7 case where no claim filing period has ever been fixed under Bankruptcy Rules 2002(e) and 3002(c)(5), has no effect on the determination of the dischargeability of the debt, and that such determination may be made in a bankruptcy court in an adversary proceeding commenced by the filing of a complaint under Bankruptcy Rule 4007(b) to deter-

---

5. Section 523(a)(3)(B) provides an additional exception from discharge for debts that were not listed and are otherwise excepted from discharge under § 523(a)(2), (4) or (6). Since § 523(c) provides that the dischargeability of such debts must be determined by the bankruptcy court and Bankruptcy Rule 4007(c) requires such a complaint to be filed before the discharge is entered, § 523(a)(3)(B) preserves to such creditors the right to litigate the discharge-ability of their debts even if § 523(a)(3)(A) does not apply. A creditor would file a complaint to determine the dischargeability of its debt and would have to show two things: first, the creditor was not listed or scheduled and did not have actual notice of the case in time to file a complaint under 11 U.S.C. § 523(c) and Bankruptcy Rule 4007(c); and second, the creditor's debt meets the criteria for nondischargeability under § 523(a)(2), (4) or (6).

mine the dischargeability of the debt under § 523(a)(3)(A), or alternatively such determination may be made as part of litigation outside the bankruptcy court.

This order is written not only to deny Anderson's motion but to ask those courts that have allowed similar motions to take another and more careful look at the question. I can only hope that my plea meets with more success than King Canute's.

THEREFORE, IT IS ORDERED: The motion of Allan Anderson to reopen this case under 11 U.S.C. § 350(b) and Bankruptcy Rule 5010 is denied.