**In re Marilyn KARAMITSOS, Debtor.**

**Bankruptcy No. 87–08924–H5–7.**

United States Bankruptcy Court,
S.D.Texas,
Houston Division.

July 19, 1988.

Christine K. Jonte, Houston, Tex., for debtor.

## ORDER REGARDING MOTION TO REOPEN CHAPTER 7 BANKRUPTCY

MARGARET A. MAHONEY,
Bankruptcy Judge.

This matter comes before me upon the Motion of Marilyn Karamitsos to reopen her Chapter 7 bankruptcy case. The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157 and the Order of Reference of the District Court. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

Debtor has moved under 11 U.S.C. § 350(b) and Bankruptcy Rule 5010 for reopening of this discharged no asset Chapter 7 case for the sole purpose of adding a creditor to avoid the possibility of future litigation. Debtor is in effect requesting to discharge a potential creditor.

Motions to reopen Chapter 7 cases to amend schedules to include omitted creditors are filed with some frequency. I am writing this opinion to dispel the mistaken notion debtors and creditors and their counsel have about the effect of such a motion. The filing of an amended creditor schedule after discharge has been granted in a no asset Chapter 7 case has absolutely no effect on the dischargeability of debt. *In re Anderson,* 72 B.R. 495 (Bankr.D.Minn.1987). Determination regarding such a discharge is properly brought in bankruptcy court through an adversary proceeding commenced by the filing of a complaint.

A discharge under 11 U.S.C. § 727 acts as a complete discharge of all debts. Sec-

tion 523(a) delineates debts that are excepted from discharge. The scope of the discharge is final when entered. Therefore, a judicial determination of which debts, if any, are to be excepted from discharge is required. Reopening a case to allow amendment of schedules is futile. The debt in question is either discharged or excepted from discharge based on a judicial analysis of 11 U.S.C. § 523 (a)(3).

Reopening a case to list a creditor after discharge does not give a creditor an extension of time in which to file a claim. In fact, in a no asset Chapter 7 case, there is never a claim filing period. Reopening a case to list a creditor does not extend the time to file complaints to determine dischargeability. Either the creditor had actual, timely notice of the time period or he didn't. Amending the schedules will not change that.

Discharged no asset Chapter 7 cases are not to be reopened for the purpose of listing actual creditors—much less potential creditors. I do not allow meaningless reopenings.

It is therefore ORDERED that the Motion of Marilyn Karamitsos to reopen this Chapter 7 bankruptcy case is denied.