**In re Gary M. and Karen CRULL d/b/a Cabinet Corner, Debtors.**

**Bankruptcy No. HA 87–61m.**

United States Bankruptcy Court,
W.D. Arkansas,
Harrison Division.

June 7, 1989.

Roger L. Morgan, Mountain Home, Ark., for debtors.

James W. Stanley, Jr., Little Rock, Ark., for Scheirich.

William S. Robinson, N. Little Rock, Ark., for Scheirich.

### ORDER

JAMES G. MIXON, Bankruptcy Judge.

On April 10, 1987, Gary M. Crull and Karen Crull filed a voluntary petition for relief under the provisions of chapter 7 of the United States Bankruptcy Code. On June 23, 1987, the trustee filed a no-asset report stating that no property was available for distribution to creditors. On July 16, 1987, the debtors were granted a discharge, and on July 20, 1987, the case was closed. On November 2, 1988, the debtors filed a motion to reopen the case to include a creditor which was inadvertently omitted from the debtors' original schedules. The creditor, H.J. Scheirich Company (Scheirich), filed a response opposing the motion, and a hearing was held on January 13, 1989. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and the Court has jurisdiction to enter a final judgment.

A closed case may be reopened on motion of the debtor or other party in interest "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b); Bankruptcy Rule 5010. The debtors assert that reopening this no-asset case to permit them to amend their schedules by adding Scheirich is necessary to afford full relief to them and would not harm Scheirich. The evidence disclosed no fraud or intentional design by the debtors in omitting Scheirich. The debtors acknowledge that their desire to add the creditor is to obtain the discharge of the omitted creditor's debt. *See* Debtors' Brief in Support of Motion to Reopen at 1; Debtors' Post–Trial Brief at 1.

■ This Court is aware of the numerous cases which appear to incorrectly assume that if a case is reopened and an omitted creditor's claim is listed by amendment, the discharge automatically and retroactively applies. *See Rosinski v. Boyd (In re Rosinski)*, 759 F.2d 539 (6th Cir.1985); *Stark v. St. Mary's Hospital (In re Stark)*, 717 F.2d 322 (7th Cir.1983); *In re Rhodes*, 88 B.R. 199 (Bankr.E.D.Ark. 1988); *In re Soult*, 88 B.R. 801 (Bankr.S.D. Ohio 1988), *aff'd*, 97 B.R. 363 (S.D.Ohio 1989); *In re Baldwin*, 73 B.R. 113 (Bankr. N.D.Ohio 1987); *In re Beshensky*, 68 B.R. 452 (Bankr.E.D.Wis.1987); *In re Ali*, 58 B.R. 439 (Bankr.E.D.Pa.1986); *In re Maddox*, 62 B.R. 510 (Bankr.E.D.N.Y.1986); *In re Grubbs*, 45 B.R. 674 (Bankr.W.D.Va. 1985); *In re Meile*, 36 B.R. 719 (Bankr.S.D. Ill.1984); *In re Coogan*, 36 B.R. 621 (Bankr.S.D.Ohio 1984); *In re Scism*, 41 B.R. 384 (Bankr.W.D.Okla.1984); *La Bate & Conti, Inc. v. Davidson (In re Davidson)*, 36 B.R. 539 (Bankr.D.N.J.1983).

■ A debtor's discharge pursuant to 11 U.S.C. § 727(b) discharges all prepetition debts except those set forth in 11 U.S.C. § 523(a). The scope of a debtor's discharge is determined as of the date the discharge is entered. *In re Anderson*, 72 B.R. 495, 496 (Bankr.D.Minn.1987). Whether a particular debt is included in the scope of the discharge or excepted from discharge by section 523(a) may be ascertained, before or after the discharge, by the filing of a complaint to determine dischargeability pursuant to Bankruptcy Rule 4007. In the case of an unscheduled creditor, the determination must be made by reference to section 523(a)(3), which provides:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

. . . .

(3) neither listed nor scheduled under section 521(a) of this title with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice

or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request; . . .

▮ A determination of the issue of dischargeability must be made in the context of an adversary proceeding to determine dischargeability in the bankruptcy court or may be raised in a nonbankruptcy forum as a defense to a suit for judgment on the debt. *In re Anderson*, 72 B.R. at 497–98. The outcome of the adversary proceeding to determine dischargeability, rather than the amendment of the debtor's schedules, will determine the dischargeability of the omitted debt. *In re Karamitsos*, 88 B.R. 122, 122 (Bankr.S.D.Tex.1988); *In re Anderson*, 72 B.R. at 497. *See In re Ford*, 87 B.R. 641, 643 (Bankr.D.Nev.1988); *In re Henson*, 70 B.R. 363, 365–66 (Bankr. N.D.Ill.1987); *In re Jensen*, 46 B.R. 578, 582 (Bankr.E.D.N.Y.1985); *In re Rediker*, 25 B.R. 71, 73 (Bankr.M.D.Tenn.1982).

A closed bankruptcy case may be reopened to allow the filing of a complaint to determine dischargeability. Bankruptcy Rule 4007(b); *Nat'l Labor Relations Board v. Gratrix (In re Gratrix)*, 72 B.R. 163, 164 (D.Alaska 1984). Therefore, the debtors' motion to reopen the case is granted. Both parties are granted twenty days to file a complaint to determine dischargeability.

IT IS SO ORDERED.