930 F.2d 922
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
In re John A. GRAHAM, Nancy Graham, Debtor.
John A. GRAHAM and Nancy Graham, Appellants,
v.
Paul B. DAVIDSON, Appellee.
 No. 90-6293.
 United States Court of Appeals, Tenth Circuit.
 April 11, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 The question presented in this appeal is whether a debtor may automatically include an unscheduled debt within the ambit of a general bankruptcy discharge by reopening a closed case to permit an amendment to the schedule of creditors. Because this device would effectively deny the innocent creditor of any opportunity to challenge the dischargeability of the debt, the answer is no. In this case, we approve the bankruptcy court's equitable decision to allow the conditional reopening of the case.
 
 
 3
 When debtors filed their original schedule of creditors, they omitted a debt to David Davidson created by Mr. Davidson's payment of an obligation co-made between the parties. Whether Mr. Davidson had actual knowledge of the bankruptcy proceedings in time to file a proof of claim is disputed, but it is agreed none was filed.[1] The debtors eventually obtained an 11 U.S.C. Sec. 727 general discharge.
 
 
 4
 After the Grahams received their discharge, Mr. Davidson filed an action in state court against them for contribution. Having only then discovered that the Davidson debt was not scheduled, debtors filed a motion in the bankruptcy court to reopen their case "to schedule said debts and or [sic] determine that the same were discharged."
 
 
 5
 The bankruptcy court granted the motion to reopen,[2] but limited the scope to "the sole purpose of permitting the debtors to file an adversary proceeding under [11 U.S.C.] Section 523(a)(3), pursuant to Rule 7001 [Federal Rules of Bankruptcy Procedure] in order to adjudicate the dischargeability of this obligation." The ruling bypassed the issue of amending the schedule of creditors, which the bankruptcy court reasoned was irrelevant to the ultimate issue of whether the debt was dischargeable. Concurrently, the court found the debtors' omission was unintentional and Mr. Davidson suffered no damage as a result of the omission. On appeal, the district court affirmed these rulings.
 
 
 6
 Stripped of its procedural trappings, what we have before us is a case of debtors who are faced with the possibility of having to liquidate a debt that would have been subject to a general discharge in bankruptcy except for their failure to schedule the obligation. Unfortunately, this failure arguably deprived the creditor of notice of the proceeding in time to file a complaint to determine the dischargeability of the debt. When faced with the state suit, debtors attempted to bring their obligation under the umbrella of their general discharge, thus avoiding any question of whether the debt was indeed dischargeable.[3] If this attempt were successful, debtors would have left Mr. Davidson firmly in possession of the proverbial bag, but with little else.
 
 
 7
 The bankruptcy court astutely recognized the purpose of the debtors' gambit, and devised a means of fairly adjudicating the interests of both sides. The court effectively placed the Grahams and Mr. Davidson in the relationship they would have been in had the debtors scheduled the debt in the first place. The bankruptcy court will now determine, within the scope of the bankruptcy code, whether the Grahams are obliged to pay Mr. Davidson for co-signing an obligation with them.[4] This result meets not only the equitable spirit of bankruptcy, but also the provisions of the bankruptcy code.
 
 
 8
 Debtors' argument that the bankruptcy court erred in refusing them the right to amend their schedules dangerously borders on the frivolous.[5] Whether the schedules are amended is irrelevant because the case is closed and Mr. Davidson now has actual notice of the proceeding. It is therefore obvious that debtors' only purpose for the amendment was to gain the means to assert the defense of discharge to Mr. Davidson's state suit. By this device, when coupled with their oversight, they would deprive this creditor of a right to file a complaint in the bankruptcy court to determine dischargeability. That right would have been available to Mr. Davidson had the debtors not failed to comply with their duty to schedule debts. The unfairness of this result, however intended by the Grahams, is manifest. This unfairness, further, obviates debtors' unsupported contention that by amending their schedules they would obtain an automatic discharge of the Davidson debt.
 
 
 9
 Debtors baldly argue, "[d]ischargeability was not and is not at issue." The contention is disingenuous. Were the dischargeability of the debt of no moment, there would have been no need for debtors to seek relief. The whole focus of the debtors' effort was to achieve an order from the bankruptcy court holding the Davidson obligation resolved by discharge.
 
 
 10
 Thus, the bankruptcy court correctly perceived equity demands that both sides, not just the debtors, be given the opportunity to effectively proceed in the bankruptcy court just as though the Davidson debt had been timely scheduled. The debtors now have the ability to acquire relief from that debt if it is not subject to exception under 11 U.S.C. Sec. 523(a)(3). For his part, Mr. Davidson is able to avoid the unfair dischargeability of his claim caused by debtors' failure to timely schedule his debt. We commend and agree with this decision.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 11 U.S.C. Sec. 523(a)(3)(A) permits the general discharge of an unscheduled debt if the creditor had "notice or actual knowledge of the case in time for" the filing of a timely proof of claim. Debtors, in their brief in this court, assert Mr. Davidson did not raise lack of knowledge in the trial court, but in his brief he responds, "[t]here has been no evidence elicited herein as to whether there was actual notice, and whether there was time for filing a complaint." While both parties dance around the issue, it is evident that whether Mr. Davidson had notice is a question of fact yet to be established
 
 
 [2]
 11 U.S.C. Sec. 350(b) provides: "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." Debtors seemingly argue the bankruptcy court should only reopen a case to accord relief to the debtor. The scope of the statute is broader, however
 
 
 [3]
 Debtors candidly admit this objective by stating in their brief: "The relief debtors were seeking was to schedule the debt and bring the obligation within the scope of the discharge previously entered." (emphasis added). Obviously, they perceive this objective to be achievable in one swoop
 
 
 [4]
 Actually, the debtors are in a better posture because the bankruptcy court limited the determination of dischargeability to Sec. 523(a)(3) and did not give Mr. Davidson the opportunity to file a complaint under any other part of Sec. 523
 
 
 [5]
 Reopening a case simply to permit a schedule amendment is a futile endeavor. See In re Hunter, 116 B.R. 3, 5 (Bankr.D.Col.1990); In re David, 106 B.R. 126, 129 (Bankr.E.D.Mich.1989); In re Karamitsos, 88 B.R. 122, 123 (Bankr.S.D.Tex.1988); In re Ford, 87 B.R. 641, 643 (Bankr.D.Nev.1988)