**In re Leigh Raymond THIBODEAU, Debtor.**

**Bankruptcy No. 90–16177–CJK.**

United States Bankruptcy Court, D. Massachusetts.

Jan. 6, 1992.

Marijane H. Kennedy, Lowell, Mass., for debtor.

Dennis M. Leary, Boston, Mass., for creditor.

Andrew Lemelman, Chapter 7, Trustee.

## MEMORANDUM OF DECISION ON MOTION TO REOPEN

CAROL J. KENNER, Bankruptcy Judge.

The Debtor, Leigh Raymond Thibodeau, has moved to reopen his case under Chapter 7 of the Bankruptcy Code in order to amend his schedule of creditors with the name of one creditor, David Piacenza, whom to date he has failed to list. The Court sees this kind of motion with regularity. Its facts are typical. After the Debtor received a discharge, his Chapter 7 case was closed as a no-asset case (that is, without assets having been discovered with which to pay a dividend). In accordance with Bankruptcy Rule 2002(e), no deadline for the filing of claims was set; rather, creditors were notified that it was unnecessary to file claims.[1] However, in accordance with Bankruptcy Rule 4007(c), a deadline for filing complaints under 11 U.S.C. § 523(c) to determine the dischargeability of certain debts was set; and the deadline passed before the case was closed.

 The Debtor's motion and others like it are predicated on the belief that by amending the schedules, an otherwise undischarged debt would become discharged. This is a misunderstanding of the law. As other courts have held, "the filing of an amended schedule listing an omitted or incorrectly listed creditor after the discharge

has been entered, in a no-asset chapter 7 case where no claim filing period has ever been fixed under Bankruptcy Rules 2002(e) and 3002(c)(5), has no effect on the determination of the dischargeability of the debt." *In re Anderson,* 72 B.R. 495, 497 (Bankr. D.Minn.1987); see also *In re Mendiola,* 99 B.R. 864 (Bankr.N.D.Ill.1989); *In re Karamitsos,* 88 B.R. 122 (Bankr.S.D.Tex.1988); *In re Padilla,* 84 B.R. 194, 197 (Bankr. D.Colo.1987); and *In re Crull,* 101 B.R. 60, 62 (Bankr.W.D.Ark.1989). In other words, in this kind of case, "the scope of a discharge is final when entered" and is not altered by subsequent events, including amendment of the list of creditors.[2] *In re Anderson,* 72 B.R. at 496.

This becomes evident upon analysis of §§ 727(b) and 523(a) and (c) of the Bankruptcy Code, the sections that fix the scope of a discharge entered in a Chapter 7 case. In relevant part, § 727(b) states, "[e]xcept as provided in § 523 of this title, a discharge under subsection (a) of this section discharges the debtor from *all* debts that arose before the date of the order for relief under this chapter." 11 U.S.C. § 727(b) (emphasis added). Thus § 727(b) itself makes no exception for unlisted debts. It extends the discharge to "all debts" incurred before entry of the order for relief except those identified in § 523.

Section 523 creates a number of exceptions to discharge, but only the exceptions enumerated in subsection (a)(3) turn on whether a debt was properly listed. Subsection (a)(3) reads as follows:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title

---

1. Bankruptcy Rule 2002(e) states:
 (e) In a chapter 7 liquidation case, if it appears from the schedules that there are no assets from which a dividend can be paid, the notice of the meeting of creditors may include a statement to that effect; that it is unnecessary to file claims; and that if sufficient assets become available for payment of a dividend, further notice will be given for the filing of claims.

2. These holdings—that amendment has no effect on the determination of dischargeability and that the scope of the discharge is final when entered—require qualification. They are true as long as the case remains a no-asset case. For

reasons explained below, if the case is later reopened to administer previously undiscovered assets, then the Debtor's failure to list a creditor could result in a debt's exception from discharge. But the Debtor can easily avoid this outcome by amending the schedules if and when the case is reopened to administer assets. It might give a debtor peace of mind to amend the schedules now so that he or she need not do it later. But reopenings to administer assets are rare, much rarer than motions of the present kind. And a debtor's peace of mind alone does not justify the administrative burden that it would impose on the Court.

does not discharge an individual debtor from any debt—

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

 (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

 (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.

11 U.S.C. § 523(a)(3). Subpart (A), which excepts from discharge certain debts not listed in time to permit timely filing of a proof of claim, does not come into play in a no-asset Chapter 7 case, such as this one, that was closed without a bar date for filing of claims ever having been set.[3] Therefore, we need only concern ourselves with subpart (B).

Under subpart (B), which has two prongs, a debt of a kind specified in § 523(a)(2), (4), or (6) is excepted from discharge if it was neither listed nor scheduled in time to permit *both* timely filing of a proof of claim *and* timely request for a determination of the debt's dischargeability.[4] A debt listed in time to permit one but not the other is excepted from discharge; conversely, to qualify for discharge, the debt must be listed in time to permit both.

■ The first prong, which requires proof that the debt was not scheduled in time to permit timely filing of a proof of claim, is identical to the requirement contained in subpart (A). As with the subpart (A) requirement, no creditor can satisfy this requirement in a no-asset Chapter 7 case that was closed without a deadline having been set for the filing of claims. In such cases, the time for filing claims has not lapsed. If, after such a case is closed, assets are discovered with which to pay a dividend, the case can then be reopened to administer those assets.[5] If that occurs (it very seldom does), the debtor can and should *at that time* amend the schedules to list the omitted creditor. That creditor, along with all other scheduled creditors, would then be notified of the bar date for the filing of proofs of claim.[6] However, until assets are discovered and the case is reopened, reopening the case to list omitted creditors serves no purpose other than to create needless administrative work. So the first prong of subpart (B) gives no cause to reopen this case and amend the schedules unless and until assets are discovered.

The second prong gives no cause to reopen at all. In a no-asset case, a debt listed only after the case is closed will (barring administrative error) be listed after the deadline for filing a complaint under 11 U.S.C. § 523(c)(1) to determine whether a debt is excepted from discharge

---

3. See Bankruptcy Rules 2002(e) and 3002(c)(5).

4. Therefore, to prevail under § 523(a)(3)(B) a creditor must prove that its debt is of a kind specified in § 523(a)(2), (4), or (6), that the debtor knew the identity of the creditor, and that the debt was not scheduled in time to permit timely filing of a proof of claim, timely request for a determination of dischargeability, or both. As an affirmative defense, the debtor can demonstrate that despite the untimely listing, the creditor "had notice or actual knowledge of the case in time for such timely filing and request." 11 U.S.C. § 523(a)(3)(B).

5. Section 350(b) of the Bankruptcy Code states, "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b).

6. Rule 3002(c)(5) provides for this contingency:

 (5) If notice of insufficient assets to pay a dividend was given to creditors pursuant to Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall notify the creditors of that fact and that they may file proofs of claim within 90 days after the mailing of the notice.

Bankruptcy Rule 3002(c)(5).

under § 523(a)(2), (4), or (6).[7] Amending the schedules after the case is closed will not change that fact.

> Reopening a case to list a creditor does not extend the time to file complaints to determine dischargeability. Either the creditor had actual, timely notice of the time period [to file complaints to determine dischargeability] or he didn't. Amending the schedules will not change that.

*In re Karamitsos*, 88 B.R. at 123. Moreover, once the time for filing complaints to determine dischargeability has lapsed, the Court cannot extend the time.[8] Therefore, reopening a case to schedule an omitted debt will not affect the debt's dischargeability. And, as Judge Margaret A. Mahoney stated in *Karamitsos*, "I do not allow meaningless reopenings." *Id.* at 123.

Some courts have reached the opposite result: that in a no-asset chapter 7 case where no claim filing deadline has been fixed, "a debtor may reopen the estate to add an omitted creditor where there is no evidence of fraud or intentional design." *Matter of Stark*, 717 F.2d 322, 324 (7th Cir.1983); see also *In re Rosinski*, 759 F.2d 539, 541–542 (6th Cir.1985) (following *Stark*); and *Matter of Zablocki*, 36 B.R. 779 (Bankr.D.Conn.1984). In each of these cases the court's holding is based upon the unexamined assumption, which this Court rejects, that in a no-asset case where no claim filing deadline has been fixed, a debt must be listed in order to be discharged. Despite disagreement over this assumption, this Court agrees with the above cases insofar as they hold that a debtor may

amend the schedules to list an omitted creditor if doing so would affect the scope of the discharge. I merely add that until assets are discovered and the case is reopened to administer them, amendment of the schedules would not affect the discharge and therefore does not present cause to reopen.

Section 350(b) of the Bankruptcy Code permits the Court to reopen a case "to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Reopening this case would not accord relief to the Debtor. Nor has other cause to reopen been shown. Therefore, because amending the schedules at this juncture would accomplish nothing, the motion to reopen is denied.

■ Since the Debtor is currently being sued on the unlisted debt in the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts, the issue of its dischargeability may soon be presented for adjudication. The order denying the present motion should not be construed as an adjudication of whether the unscheduled debt was excepted from discharge under § 523(a)(3)(B). That issue is not before me. And the issue *need not* be litigated in the Bankruptcy Court but instead can be raised and adjudicated in the Superior Court proceeding.[9]

A separate order will enter denying the motion to reopen.

---

7. In the normal course of administration, a Chapter 7 case is closed only after the deadline for filing a complaint under 11 U.S.C. § 523(c)(1) has passed and any such complaints timely filed have been adjudicated.

8. Bankruptcy Rule 4007(c) permits the Court, on motion, to extend the time fixed for filing a complaint to determine the dischargeability of any debt pursuant to § 523(e). But it also requires that the motion to extend be made before the time has expired. And Bankruptcy Rule 9006(b)(3) states that the court may extend the time for taking action under Rule 4007(c) only to the extent and under the conditions stated in that rule.

9. With respect to this jurisdictional question, I agree with and adopt the position taken by the *Mendiola* court. *In re Mendiola*, 99 B.R. at 868, fn. 6. See also *In re Crull*, 101 B.R. at 62 (a determination of the dischargeability of a debt under § 523(a)(3) may be made in a nonbankruptcy forum as a defense to a suit for judgment on the debt); *In re Anderson*, 72 B.R. at 497–498 ("such determination may be made as part of litigation outside the bankruptcy court"); and the Advisory Committee's Note (1983) to Bankruptcy Rule 4007 (jurisdiction to determine the dischargeability of a type of debt listed as nondischargeable under § 523(a)(1), (3), (5), (7), (8), or (9) "is held concurrently by the bankruptcy court and any appropriate nonbankruptcy forum").