**In re Joseph R. HUMAR and Janet M. Humar, Debtors.**

**Bankruptcy No. 03–12941.**

United States Bankruptcy Court, N.D. Ohio, E.D.

Dec. 22, 1993.

Michael S. Linn, Cleveland, OH, for debtors.

Richard B. Ginley, Cleveland, OH, Trustee.

### MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

This matter came before the Court on the Defendants' Motion to Reopen their Chapter 7 case for the purpose of adding a creditor omitted from the original schedules filed in their case.  According to the Debtors' counsel, the debt is a contingent debt that arose prepetition.  The case is a no asset case. The creditor to whom the debt is owed is the

U.S. Department of Housing and Urban Development, the mortgage insurer of the Debtors' real property.

Under the authority of 11 U.S.C. § 350 and Bankruptcy Rule 5010, debtors regularly come before the Bankruptcy Court with motions to reopen their cases to schedule omitted creditors. *See In re Thibodeau,* 136 B.R. 7, 8 (Bankr.D.Mass.1992). In such cases, as here, the Debtors assert that they must schedule a debt in order to obtain discharge of the debt. In essence, reopening to amend the schedules will discharge an omitted debt *nunc pro tunc. See Id.; Matter of Davidson,* 36 B.R. 539, 541–2 (Bankr.D.N.J.1983); *In re Hunter,* 116 B.R. 3, 4 (Bankr.D.C. 1990).

■ Section 350(b) provides that a case may be reopened, *inter alia,* to accord relief to the debtor or for other cause. Generally, reopening to amend the schedules has been considered to be a matter of right so long as the debtor is not barred by laches, fraud, intentional delay or reckless disregard toward creditors. *In re Guzman,* 130 B.R. 489, 492, n. 5 (Bankr.N.D.Tex.1991); *In re Anderson,* 72 B.R. 495, 496 (Bankr.D.Minn. 1987); *In re Smith,* 68 B.R. 897 (Bankr. N.D.Ill.1987). *And see, In re Rosinski,*[1] 759 F.2d 539 (6th Cir.1985). The decision to reopen a case is within the discretion of the bankruptcy judge, not to be set aside absent abuse of discretion. *In re Rosinski, supra,* at 541.

■ Consistent with the Debtors' objective, courts, including this one, have previously granted motions to reopen to schedule omitted creditors in no asset cases. "The debtor's goal, to be discharged of their debt to the creditor, is a proper purpose for which to reopen the case because it will accord relief to the debtor." *Matter of Davidson, supra,* at 542. *See also, In re Smith, supra; In re Mendiola,* 99 B.R. 864, 865 (Bankr. N.D.Ill.1989). Notwithstanding this past practice, nothing in the Bankruptcy Code or Bankruptcy Rules provides for a retroactive discharge. Nor does the Code or Rules provide for setting new bar dates, deadlines for dischargeability actions or § 341 meetings if schedules are amended or a case is reopened. *See In re Mendiola, supra,* at 868; *In re Thibodeau, supra,* at 10; Bankr.R. 1009, 4007(c) (motions to extend must be made before the time has expired), 5010, and 9006(b)(3); 11 U.S.C. § 350.

A recent line of cases has meticulously analyzed § 727(b) and § 523(a), as applied to no asset cases, and found no basis for reopening those cases if the sole purpose of reopening the case is to amend the schedules to add omitted prepetition creditors.[2] This analysis recognizes that the act of adding an omitted creditor after a no asset case is closed does not provide the *nunc pro tunc* discharge sought by the debtor. Therefore, the reopening is frivolous and creates needless administrative work. *In re Musgraves,* 129 B.R. 119, 120 at n. 3 (Bankr.W.D.Tex.

1. *In re Rosinski* held that amendments to schedules are to be liberally granted so long as the debtor can show no intentional or reckless omission of the debt. In *Rosinski,* the Sixth Circuit permitted reopening of the case and amendment of the debtor's schedules to include an omitted debt. That opinion, however, was made on the premise that the claim of the creditor being added to the schedules was dischargeable. *See, In re Peacock, supra,* at 425 (discussing the premise in the *Rosinski* decision). Such is not the situation presently before this Court. The Sixth Circuit concluded, because this was a no asset case, the creditor did not lose the right to file a proof of claim. The Court further concluded that the creditor did not lose any rights to seek dischargeability under § 523(a)(3)(B) because the Court had already determined that the claim was dischargeable. In the instant action, however, dischargeability issues have not been determined by this Court. Thusly, the ruling on the matter at bar is not inconsistent with *Rosinski.* Likewise, *In re Soult,* 894 F.2d 815 (6th Cir.1990) is distinguishable; a bar date was set in that case.

2. *In re Beezley,* 994 F.2d 1433 (9th Cir.1993); *In re Tyler,* 139 B.R. 733 (D.Colo.1992); *In re Peacock,* 139 B.R. 421 (Bankr.E.D.Mich.1992); *In re Thibodeau,* 136 B.R. 7 (Bankr.D.Mass.1992); *In re Shipman,* 137 B.R. 524 (Bankr.N.D.Fla.1991); *In re Guzman,* 130 B.R. 489 (Bankr.W.D.Tex. 1991); *In re Musgraves,* 129 B.R. 119 (Bankr. W.D.Tex.1991); *In re Hunter,* 116 B.R. 3 (Bankr. D.Col.1990); *In re Moon,* 116 B.R. 75 (Bankr. E.D.Mich.1990); *Matter of Bilder,* 108 B.R. 666 (Bankr.W.D.Wis.1989); *In re David,* 106 B.R. 126 (Bankr.E.D.Mich.1989); *In re Mendiola,* 99 B.R. 864 (Bankr.N.D.1989); *In re Padilla,* 84 B.R. 194 (Bankr.D.Colo.1987).

1991); *In re Thibodeau, supra; In re Guzman, supra.*

The analysis starts with the language of § 727(b):

(b) Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debtor liability is allowed under section 502 of this title. [11 U.S.C. § 727(b) ].

This section provides for discharge of all prepetition debts and contains no requirement that a debt be scheduled in order to obtain such discharge. *In re Musgraves, supra,* at 121. The only limitation on discharge under § 727(b) is § 523, the section addressing exceptions to discharge.

A review of § 523 provides various bases for nondischargeability. In the context of failing to schedule a creditor, nondischargeability can arise only under § 523(a)(3), if at all. *In re Peacock,* 139 B.R. 421, 423 (Bankr. E.D.Mich.1992); *In re Thibodeau, supra* at 8.

Section 523(a)(3)(A) addresses debts other than those affected by §§ 523(a)(2), (a)(4) or (a)(6). It is concerned with the ability of the creditor to timely file a proof of claim:

(a) discharge ... does not discharge an individual debtor from any debt—

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim unless such creditor had notice or actual knowledge of the case in time for such timely filing....

11 U.S.C. § 523(a)(3)(A).

In a no asset case, there is no bar date for filing proofs of claim. *In re Rosinski, supra; In re Peacock, supra,* at 423; *In re Mendiola, supra,* at 867; Bankr.R. 2002(e). It is impossible to file a claim "untimely." *In re Mendiola, supra,* at 867. Reopening a case after it has been closed to add a creditor to the schedules will not enable that creditor to timely file a proof of claim. *Id.* Thus, in a no asset case, the creditor cannot possibly qualify for nondischargeability under § 523(a)(3)(A). *Id.; In re Padilla,* 84 B.R. 194, 196 (Bankr.D.Colo.1987). Accordingly, there is no exception to the § 727(b) discharge under these circumstances. *In re Mendiola, supra* at 867. All such prepetition debts are discharged under § 727(b). Reopening the case to add an omitted creditor to the schedules does not affect the application of these code sections. *Id.; In re Beezley,* 994 F.2d 1433, 1434 (9th Cir.1993).

Section 523(a)(3)(B) applies to debts that may be dischargeable under the §§ 523(a)(2), (a)(4) and (a)(6).

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice of actual knowledge of the case in time for such timely filing and request ...

11 U.S.C. § 523(a)(3)(B).

The first prong of § 523(a)(3)(B) requires scheduling the debt or otherwise noticing a creditor of the bankruptcy so that the creditor may timely file a proof of claim. This prong is identical to § 523(a)(3)(A). *In re Padilla, supra,* at 196.

The second prong requires scheduling the debt or otherwise noticing a creditor of the bankruptcy so that the creditor may timely file a dischargeability action. Dischargeability proceedings under §§ 523(a)(2), (a)(4) or (a)(6) must be filed within 60 days after the first date set for the § 341 meeting. Bankr.R. 4007(c). If the creditor is not

scheduled and otherwise has no knowledge of the bankruptcy prior to the expiration of that 60–day period, it is impossible for the creditor to timely request a determination of dischargeability. Under these circumstances, § 523(a)(3)(B) permits a creditor to bring an action to determine dischargeability even though the 60–day statute of limitations for filing such actions has run. If the creditor meets the criteria of § 523(a)(3)(B), then it may bring its dischargeability suit but, in addition must prove nondischargeability under §§ 523(a)(2), (a)(4) or (a)(6). *In re Padilla, supra* at 197.[3]

 At the point a debtor seeks to reopen a closed case, the "60–day" deadline has passed. *See, In re Thibodeau, supra* at 9. Reopening and adding a creditor to the schedules does nothing to resurrect that deadline. *Id.* at 10. If the creditor had no other notice or knowledge of the bankruptcy, the creditor has been rendered unable to timely file a dischargeability action under §§ 523(a)(2), (a)(4) or (a)(6) satisfying prong two of § 523(a)(3)(B) entitling it to file its nondischargeability suit. Thusly, the careful analysis given by the Sixth Circuit in *Rosinski* and *Soult, supra*, achieves the same objective rendered herein—discharge of the debt. That is, the subject prepetition debt is discharged pursuant to § 727(b) without reopening the case, and no different result is accomplished if the case is reopened in view of interplay between §§ 727(b), 523(a)(3) and Rule 4007, Bankr.R. as stated above.

 In sum, the nonscheduled debt is discharged[4] per § 727(b) whether or not it was scheduled. *See In re Beezley, supra*, at 1434. The creditor may or may not have a basis to file a dischargeability action per § 523(a)(3)(B). Reopening the case and amending the schedules is of no consequence with respect to the application of § 727(b) and § 523(a)(3) and will not accomplish the *nunc pro tunc* discharge the Debtors are

**3.** This Court acknowledges the split of authority regarding whether the Bankruptcy Court has exclusive jurisdiction to hear §§ 523(a)(2), (a)(4) and (a)(6) dischargeability actions. That issue is not before this Court at this time.

seeking. Thusly, there is no cause shown for reopening the case under § 350(b).

Accordingly, the Debtors' motion to reopen the case is hereby denied.

IT IS SO ORDERED.

### *JUDGMENT*

At Cleveland, in said District, on this 22nd day of December, 1993.

A Memorandum Of Opinion And Order having been rendered by the Court in these proceedings,

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Debtors' motion to reopen their Chapter 7 case is denied.

**4.** If the debt is discharged, the permanent injunction of § 524(a)(2) is activated and any attempts to collect against the debtor are properly addressed by a motion for an order to show cause as to why the creditor should not be held in contempt for violating the permanent injunction.