**In re James A. MARKS and Peggy E. Marks, Debtors.**

**James A. MARKS and Peggy E. Marks, Plaintiffs,**

**v.**

**FIRSTAR TRUST COMPANY and The Cincinnati Insurance Company, Defendants.**

Bankruptcy No. 91–7113–9P7.
Adv. No. 95–296.

United States Bankruptcy Court,
M.D. Florida,
Ft. Myers Division.

Feb. 20, 1996.

Jeffrey W. Leasure, Ft. Myers, FL, for Plaintiffs.

Frederick R. Hardt, Naples, FL, for Defendants.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is a claim that the debt owed by James A. Marks and Peggy E. Marks (Debtors) should be discharged in bankruptcy and not exempted from the discharge based on § 523(a)(3) of the Code. The claim asserted in the Complaint filed by the Debtors is against Firstar Trust Company (Firstar) and the Cincinnati Insurance Company (Cincinnati Insurance). The Debtors in their one-count Complaint contend that they filed their Voluntary Petition in this Court on October 3, 1991; that although Firstar and Cincinnati Insurance were not scheduled by the Debtors on their bankruptcy Schedules and they did not receive a notice of the meeting of creditors or notice of the bar date to file claims or complaints pursuant to § 523(c), the case was noticed as a "no asset" case and "the claim of these defendants against the Debtors was a debt incurred by virtue of a deficiency claim." Therefore, since the omission was not willful and knowing, but an oversight, the debt should be declared to be discharged.

In due course a pretrial conference was conducted and the matter was scheduled for final evidentiary hearing at which time the following relevant facts were stipulated as true:

On November 1, 1986 the Debtors signed a Guaranty Agreement guaranteeing the obligation evidenced by a Promissory Note executed on December 12, 1986, by Menasha Building Associates Limited Partnership (Menasha) in the amount of $1,320,000. On May 11, 1987, the Debtors were notified of the default by Menasha on the Promissory Note. On November 23, 1987, Badger Highways Co., Inc. filed a Complaint against James A. Marks and sought to foreclose a mechanics lien on real property owned by Menasha.

On May 30, 1991, the Debtors filed their Joint Voluntary Petition. On their Schedule of Liabilities they did not list either First Wisconsin Trust Company, or its predecessor interest, First State Trust, or Cincinnati Insurance as creditors (Cincinnati Insurance). On June 17, 1991, the Clerk issued the notice of the 341 meeting and notified creditors pursuant to F.R.B.P. 2002(e) that the case was a no asset case and, therefore, it was not necessary to file a proof of claim. On July 29, 1991, the Trustee filed a Report of No Distribution and on October 3, 1991, the Debtors received their general bankruptcy discharge. The case was closed on June 10, 1994.

The record reveals that on April 2, 1993, before the Chapter 7 case was closed, Firstar filed a Complaint in Winnebago County, Wisconsin, seeking to foreclose a mortgage on the real estate owned by Menasha and to obtain a deficiency judgment against the Debtors as guarantors of the Note. On June 9, 1993, the Debtors filed their Answer to the Complaint and denied any liability under the Guaranty Agreement. On April 19, 1994, the Circuit Court entered a deficiency judgment against the Debtors in the amount of $1,326,002.66. The deficiency judgment was domesticated and recorded in the public records of Collier County on September 20, 1994. The judgment creditors sought to institute discovery in aid of execution and noticed the Debtors for deposition on February 2, 1995, but the Debtors failed to appear. On February 6, 1995, Firstar filed a Motion in the Circuit Court and sought to hold the Debtors in contempt for failure to appear at the deposition. On April 11, 1995 the Circuit Court entered an order compelling the Debtors to appear for deposition.

On the same date, the Debtors filed their Motion to Reopen the Chapter 7 case; the case was reopened on April 18, 1995, and on April 25, 1995, the Debtors filed the instant adversary proceeding, in which the Debtors sought a determination by this Court that the liability to the Defendants, Firstar and Cincinnati Insurance has been discharged.

## § 523. Exceptions to discharge.

(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—

.    .    .    .    .

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;

Even a cursory analysis of these two alternative basis to declare debt nondischargeable makes it painfully evident that the remedy provided to an unscheduled creditor is utterly meaningless for the following reasons.

■ First, the right to file a proof of claim in the vast majority of Chapter 7 cases is nothing more than a sheer exercise in futility. This is so because it is rare, indeed, that there are any assets in these estates, liquidation of which would produce funds, let alone sufficient funds to pay dividends to general unsecured creditors. Despite the fact that these cases are treated as no-dividend cases and the notice sent to creditors pursuant to F.R.B.P. 2002(e) informs the creditors that there is no need to file Proofs of Claim, the time to file claims is still open, and the requirement of F.R.B.P. 3002(c) to file Proofs of Claim within 90 days after the first date set for the meeting of creditors is not applicable.

■ Second, the alternative exception to discharge in subparagraph (B) equally fails to provide any meaningful remedy. This is so because at the time the nonscheduled creditors learn about the bankruptcy, with the passage of time, as a general rule, memories fade, witnesses disappear, and so do debtors, especially if the Chapter 7 case has been closed already. In this connection it is also appropriate to point out that the nonscheduled creditor without notice and without actual knowledge of the case, has lost several valuable rights, rights far more valuable than a declaration of nondischargeability of the debt owed to the creditor, such as a right to challenge the debtor's claim of exemption and, most importantly, the right to challenge the debtor's discharge.

■ Be that as it may, it is clear that in the present instance neither of the two exceptions set forth in § 523(a)(3) would assist the nonscheduled creditors first because they still have the right to file a Proof of Claim, clearly a meaningless exercise in futility; and second, because the time to file a Complaint seeking the determination of nondischargeability of the debt owed to them by the Deficiency Judgment under subparagraph (a)(2)(4) or (6) even if they have such type of claim which they do not claim to have, long expired. (*See* F.R.B.P. 4007(c)—60 days after the conclusion of the meeting of creditors.)

Some courts suggested that the nonscheduled creditor may file a Complaint even after the case is closed and the time to file such Complaint already expired. *In re Anderson,* 72 B.R. 495 (Bankr.D.Minn.1987). This is clearly incorrect and is contrary to F.R.B.P. 4007(c) and F.R.B.P. 9006(b)(3) which permits an extension beyond the 60 days fixed by the Rule only if the motion to extend the time is filed prior to the expiration of the original 60 days time limit fixed by F.R.B.P. 4007(c).

Based on the foregoing, this Court is constrained to sustain the Debtor's claim that the debt represented by the Deficiency Judgment is not excepted from the overall protection of the general discharge but not for the reasons stated in the Complaint filed by the Debtor, which was that the omission was not willful but only an oversight, a proposition this Court has difficulty accepting based on the undisputed facts established by the record.

A separate final judgment will be entered in accordance with the foregoing.

DONE AND ORDERED.