**In re Samuel Joseph GERIS, Sr., Barbara Lee Reed Geris, Debtors.**

**Barbara Lee Reed Geris, Plaintiff,**

v.

**Robert Mackintosh, Eleanor Mackintosh, Defendants.**

**Bankruptcy No. 5–94–00854.**
**Adversary No. 5–98–00048.**

United States Bankruptcy Court, W.D. Virginia, Harrisonburg Division.

Aug. 23, 1999.

---

Mary L. C. Daniel, Attorney at Law, Winchester, VA, for defendants.

James O. Clough, Harrisonburg, VA, for plaintiff.

## DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

The matter before the court is a complaint proceeding brought by one of the debtors, Barbara Lee Reed Geris (herein Geris), asking that her Chapter 7 proceeding be reopened and that this court determine that the claim of Robert and Eleanor Mackintosh (herein Mackintosh) was discharged in her Chapter 7 proceeding. The relevant statutory provision necessary for the determination of this case is 11 U.S.C. § 523(a)(3).[1]

### *Facts:*

The facts necessary for a determination of this case are not in dispute. The debtor and her husband, Samuel Joseph Geris, Sr., now deceased, indebted themselves to the Mackintoshes in 1994 in the principal sum of $25,000.00. The Gerises filed their Chapter 7 proceeding in this court, *pro se,* on November 30, 1994. The Mackintoshes were not listed as creditors of the Gerises in their Chapter 7 proceeding and had no actual notice of the proceeding. As it turned out, the Gerises' case was an asset case; however, the liquidation of the Gerises' assets did not yield a sum sufficient to pay unsecured creditors.[2]

In 1997, the Mackintoshes filed a suit against Ms. Geris in Horry County, South Carolina. As a result, Ms. Geris moved to reopen her bankruptcy proceeding and to have a determination of the dischargeability of the indebtedness to the Mackintoshes determined. The action in South Carolina was stayed pending a determination by this court of the dischargeability issue. By consent of the parties, the matter has been presented to the court by stipulation of fact and legal memoranda.

1. § 523(a)(3): A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit— (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection; timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.

2. Only priority claimants and administrative expenses of the proceeding were paid.

## Discussion:

The provisions of 11 U.S.C. § 523(a)(3) are clear and there is no ambiguity in the statute. However, the debtor advocates an extension of some existing case law which provides a discharge of indebtedness which a debtor fails to list in the bankrupt's schedules and statement of affairs where there is a no asset case which did not require the filing of a proof of claim by a creditor. The reasoning which underlies the line of cases advocated by the debtor is that 11 U.S.C. § 727 grants a discharge of all indebtedness whether scheduled by the debtor or not and that in a no asset case the time for filing a proof of claim never expires because a proof of claim is not required in no asset cases and creditors are specifically instructed in the notice of section 341 meetings not to file a proof of claim unless notified by the court.[3] The debtor would have the court extend the holding in the line of cases which she cites to her situation which is an asset case which did not yield sufficient cash to pay unsecured creditors. In essence, the debtor argues that because it was an asset case which did not yield sufficient funds to pay unsecured creditors, the creditors were not prejudiced by the failure of the debtors to schedule the Mackintoshes as creditors.

However, the argument of the debtor for extension of the line of cases which she relies on ignores the plain language of 11 U.S.C. § 523(a)(3) which specifically recites that discharge of the indebtedness is denied if the indebtedness was not scheduled by the debtors "in time to permit— ... timely filing of a proof of claim...."The distinction between the case at bar and the line of cases cited by the debtor in support of her position is that in each of the cited cases there was a no asset case which did not require the filing of a proof of claim and did not set a deadline for filing of proofs of claim. In the case at bar, an asset case existed and creditors had a specific deadline for filing proofs of claim. Once that deadline expired, it could not be extended. *See, In re Stecklow, supra,* at 317.

The reasoning of the line of cases relied upon by the debtor does not take into account whether assets would be liquidated in a Chapter 7 proceeding sufficient to pay unsecured creditors. Instead, if the filed case is an asset case, then a deadline is set for filing a proof of claim and once that deadline expires it cannot be extended. Accordingly, in asset cases 11 U.S.C. § 523(a)(3) denies discharge notwithstanding the lack of distribution of a dividend to unsecured creditors.

## Conclusion:

For the reasons stated in this decision and order, it is

## ORDERED:

That, to the extent necessary, the Chapter 7 proceeding of Samuel Joseph Geris, Sr. and Barbara Lee Reed Geris, be, and it hereby is **REOPENED** for purposes of determining the dischargeability of the indebtedness owed to Robert Mackintosh and Eleanor Mackintosh, and it is

## FURTHER ORDERED:

That the discharge of the indebtedness of Barbara Lee Reed Geris to Robert Mackintosh and Eleanor Mackintosh is determined to be **NONDISCHARGEABLE** pursuant to 11 U.S.C. § 523(a)(3).

---

**3.** *See. In re Stecklow,* 144 B.R. 314 (Bankr. D.Md.1992); *In re Thibodeau,* 136 B.R. 7 (Bankr.D. Mass.1992); *In re Hunter,* 116 B.R. 3 (Bkrtcy.D.D.C.1990). The debtor's analysis of this case is that their rationale is that the creditor is not prejudiced by not being scheduled. However, none of the cases cited by the debtor articulate that rationale