### In re Jimmy Mack PARMER and Sharon Ann Parmer, Debtors.

**Bankruptcy No. 587–50539–7.**

United States Bankruptcy Court,
N.D. Texas,
Lubbock Division.

April 6, 1989.

Stephen C. McIntyre, Texas Rural Legal Aid, Inc., Farm Worker Div., Plainview, Tex., for plaintiffs.

Robert B. Wilson, Sims, Kidd, Hubbert & Wilson, Lubbock, Tex., for debtors.

## MEMORANDUM OF OPINION ON MOTION TO STRIKE AMENDED SCHEDULES

JOHN C. AKARD, Bankruptcy Judge.

### Issue

Where the Court has reopened a closed case at Debtor's request in order to permit the filing of a complaint to determine the dischargeability of a debt, may the Debtor amend his schedules to list additional unsecured creditors?

### Facts

On July 27, 1987, Jimmy Mack Parmer and Sharon Ann Parmer (Debtors) filed for relief under Chapter 7 of the Bankruptcy Code. The order for meeting of creditors set the meeting pursuant to § 341(a) of the Bankruptcy Code [1] for September 16, 1987, established the deadline for filing claims as December 15, 1987, established the deadline for filing objections to the discharge or dischargeability of a debt as November 16, 1987, and scheduled the discharge hearing for December 14, 1987. The order was not stamped "No–Asset Case Do Not File Claim."

Ray Fargason was appointed Trustee. On October 8, 1987, the Trustee filed a § 341 meeting minute sheet and exempt property report. The report reflects that the Trustee did not object to the Debtors' exemptions and believed the case to be a no-asset case. The Debtors received a discharge on December 14, 1987. The Trustee filed his report in a no-asset case and an application for closing on November 9, 1987. On April 19, 1988, the Court accepted the Trustee's report and closed the case.

On July 5, 1988, the Debtors filed a motion to reopen the case to file a complaint to determine the dischargeability of certain debts. The motion recited that Texas Rural Legal Aid, Inc. secured a default judgment against the Debtors in the United States District Court for the Northern District of Texas, Lubbock Division, in Civil Action No. CA–5–86–0265–C to recover $1,600.00 for each plaintiff. The motion recited that "[t]his action was noted in the debtors statement of affairs but through inadvertence the alleged creditor was not placed on the matrix. That creditor by and through Texas Rural Legal Aid, Inc., states that it did not receive notice of the bankruptcy until approximately two months after the case was closed."

On July 11, 1988, the Court ordered the bankruptcy case reopened. The order stated that the Debtors should be allowed to file their complaint to determine the dischargeability of the debt as to the Plaintiffs listed in Case No. CA–5–86–0265–C.

On July 7, 1988, in anticipation that the Court would allow this case to be reopened Texas Rural Legal Aid, Inc., Farmworker Division, filed Adversary Proceeding No. 588–5052 on behalf of Aida de la Fuente and twenty-five other farm workers (the Plaintiffs in Case No. CA–5–86–0265–C and herein referred to as the Plaintiffs) to determine the dischargeability of their judgments.

On September 7, 1988, the Debtors filed an amended Schedule A–3 entitled "Creditors Having Unsecured Claims Without Priority" to add Aida de la Fuente, et al., c/o Texas Rural Legal Aid, Inc., as creditors with disputed claims for an unknown

---

**1.** The Bankruptcy Code is 11 U.S.C. § 101 *et seq.* References to section numbers are to sections in the Bankruptcy Code.

amount relating to a suit on employment.[2] On November 9, 1988, the Plaintiffs filed a motion and brief to strike the amended schedules. On December 5, 1988, the Debtors filed a response and on January 20, 1988, the Plaintiffs filed a supplemental brief. The parties submitted the matter to the Court on the pleadings and briefs.

### Statutes and Rules

Case reopening is governed by § 350(b) which states: "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."

Bankruptcy Rule 5010 provides: "A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code. In a chapter 7 or 13 case a trustee shall be appointed unless the court determines that a trustee is not necessary to protect the interests of creditors and the debtor or to insure efficient administration of the case."

Section 523 also applies to the issue in this case and, in pertinent part, reads as follows:

(a) a discharge under Section 727, 1141, 1228(a), 1228(b), or 1328(b), of this title does not discharge an individual debtor from any debt—

. . . .

(3) neither listed nor scheduled under Section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request; . . . .

### DISCUSSION

In his Editors' Comment (1983) to Rule 5010 William L. Norton, Jr., states:

"There is no question that there is a long line of cases which support the proposition that a closed case may be reopened at the request of a debtor for the purpose of amending any part of the schedules including the schedules of liabilities by adding the name and address of the creditor who was previously omitted from the original schedules. Of course, the fact that the debtor may do so does not mean that an amendment made in the reopened case is binding on the creditor who is now added to the schedules and not notified the first time. The amendment has no bearing whatsoever on the dischargeability, vel non, of the liability owed to that creditor. Whether or not such an obligation is or is not dischargeable under Code § 523(a)(3) will be determined by the principles which govern the dischargeability, vel non, of a debt under that section and not by the mere fact that it was ultimately scheduled by an amendment."

*Bankruptcy Rules* in Norton Bankruptcy Law and Practice Series (1988–1989 edition) p. 317. *In re Karamitsos*, 88 B.R. 122 (Bankr.S.D.Tex.1988), stands for the proposition that "reopening a case to allow amendment of schedules is futile. The debt in question is either discharged or excepted from discharge based on a judicial analysis of 11 U.S.C. § 523(a)(3)." *Id.* at 123.

### CONCLUSION

This Court agrees that the issue of the dischargeability of a debt is not governed by whether the Debtors are allowed to schedule a debt. The dischargeability of a debt must be determined in an Adversary Proceeding. Bankruptcy Rule 7001(6). The Plaintiffs filed Adversary Proceeding

---

**2.** The Debtors did not list the Plaintiffs as creditors in their schedules which they filed with their petition on July 27, 1987.

No. 588–5052 and the Court should determine dischargeability in that proceeding. For these reasons, the Plaintiffs' motion to strike the amended schedules will be denied.

ORDER ACCORDINGLY.[3]

**3.** This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to

Bankruptcy Rule 7052 which is made applicable to Contested Matters by Bankruptcy Rule 9014.