In re John KARRAS, Debtor.

John KARRAS, Plaintiff,

v.

Daniel HANSEN and Jayne Hansen, Defendants.

Nos. 93 C 7791, 93 A 331.

United States District Court, N.D. Illinois, E.D.

March 9, 1994.

John N. Dore, Chicago, IL, for Daniel Hansen and Jayne Hansen.

Walter Soroka, Chicago, IL, for John Karras.

## MEMORANDUM OPINION AND ORDER

PLUNKETT, District Judge.

This bankruptcy appeal is before us today upon the questions of whether an unscheduled debt is discharged in a no asset proceeding and whether the bankruptcy court had the authority to disregard the rulings of the Circuit Court of Cook County that the

debt was not discharged. For the reasons stated below, the judgment of the bankruptcy court is affirmed.

### Background

The Debtor, John Karras, borrowed several thousand dollars from the Hansens some years ago. The entire amount was not paid back, and Karras and the Hansens lost touch over the years. The Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on July 5, 1989, and the schedules filed showed no assets available for distribution to creditors. The court granted the Debtor his discharge on December 11, 1989, releasing him from pre-petition debts and the case was closed.

For some reasons, Karras neglected to list the Hansens as creditors in his bankruptcy proceeding. After the close of the bankruptcy case, the Hansens contacted the Debtor and demanded repayment of the loan. Debtor paid some of the money back, but then ceased making payments. The Hansens sued the Debtor in state court and obtained a judgment against him for $9,114.95. Soon thereafter, the Hansens commenced a collection proceeding against Karras in state court.

At the collection proceeding, Karras raised his bankruptcy discharge for the first time, but the judge refused to entertain it. A post-trial motion on the same grounds was also denied, and the Debtor filed this adversary proceeding asking the bankruptcy court to enjoin the Hansens from prosecuting their collection proceeding and to find the Hansens in contempt of court for filing their case despite the discharge.

The bankruptcy judge denied a motion to dismiss and the parties filed cross motions for summary judgment. The court denied the motions but found that Karras' debt to the Hansens was discharged even though it was unscheduled and ordered the Hansens to vacate their judgment against Karras in the circuit court. The Hansens complied, and the contempt issue was dropped by the Debtor.

The Hansens have appealed. They argue that the bankruptcy judge erred in finding that their nonscheduled debt was discharged in the Debtor's Chapter 7 proceeding and that the bankruptcy court violated the principles of *res judicata* and collateral estoppel by addressing issues decided by the state court.

█ As an initial matter, the way in which the arguments have been briefed requires comment. Though both parties' papers suffer on a rather slim diet of supporting authority, the Appellants are particularly guilty of a failure to support their arguments with valid authority. In this circuit, it is clear that "[a] litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point." *Pelfresne v. Village of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir.1990); *Bob Willow Motors v. General Motors Corp.*, 872 F.2d 788, 795 (7th Cir.1989). This court has neither the time nor the inclination to do the parties' research for them. *See Pelfresne*, 917 F.2d at 1023; *Sanchez v. Miller*, 792 F.2d 694, 703 (7th Cir.1986); *Pautlitz v. City of Naperville*, No. 89 C 8855, slip op. at 9, 1994 WL 22963 (N.D.Ill. Jan. 24, 1994); *United States v. Beethoven Assoc.*, 843 F.Supp. 1257, 1263 (N.D.Ill.1994).

### Discussion

Pursuant to Rule 8013 of the Bankruptcy Rules,

> On an appeal the district court ... may affirm, modify, or reverse a bankruptcy judge's judgment, order or decree or remand with instruction for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous....

Thus, findings of fact are reviewed under the deferential "clearly erroneous" standard while conclusion of law or mixed conclusions of law and fact are reviewed *de novo*. *See Bennett & Kahnweiler Associates v. Ratner*, 132 B.R. 728, 730 (N.D.Ill.1991); *In re Scarlata*, 127 B.R. 1004 (N.D.Ill.1991); *In re Mader*, 108 B.R. 643 (N.D.Ill.1989). There are no material factual disputes in the present case. Before us are questions of law.

## I. Are Nonscheduled Debts Discharged Under section 727?

In *In re Mendiola*, 99 B.R. 864 (Bankr. N.D.Ill.1984), the bankruptcy court found that a debtor's failure to schedule a creditor's claim in a no asset case did not preclude discharge of the debt, even if the debt was omitted intentionally. In the present case the bankruptcy court, relying on *Mendiola* and its progeny, held that Karras' debt to the Hansens was discharged in Karras' no asset Chapter 7 proceeding even though it was nonscheduled.

Appellants argue that a nonscheduled debt cannot be discharged for two reasons. First, Appellants argue, without persuasive authority, that discharge of their claim without notice violates due process of law. Second, the Appellants argue that the Debtor/Appellee intentionally omitted his debt to them from his creditor schedule and thus should not be allowed to discharge it. We reject these arguments.

Our analysis begins with section 727 of the code, entitled "Discharge." Section 727(b) provides:

> Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter....

11 U.S.C. § 727(b). Section 727 makes no distinction between scheduled and nonscheduled debts. Thus, under section 727, all debts that arose prior to the discharge order are discharged unless they are nondischargeable pursuant to section 523. *See, e.g., Mendiola*, 99 B.R. at 865.

Section 523 excludes several types of debt from discharge, including taxes, fines and penalties, alimony and child support, educational loans, drunk driving judgments, certain tort judgments, and debts that existed prior to an earlier bankruptcy case but were not discharged therein for specified reasons. 11 U.S.C. § 523. Karras' debt does not fall under these exceptions.

The only mention of nonscheduled debts in section 523 is in section 523(a)(3), which excludes from discharge any debt "neither listed nor scheduled" in time to allow the timely filing of a proof of claim. 11 U.S.C. § 523(a)(3). However, in a no asset case like the present one, the right to file a timely proof of claim is "meaningless and worthless." *In re Beezley*, 994 F.2d 1433, 1436 (9th Cir.1993) (O'Scannlain, J., concurring) (quoting *Mendiola*, 99 B.R. at 867); *Stucker v. Cardinal Bldg. Materials*, 153 B.R. 219, 221 (Bankr.N.D.Ill.1993). The reasons for this are obvious. First, because in a no asset, no bar date case, the right to file a claim continues indefinitely. Thus, timeliness is irrelevant. Second, and most important, there is nothing to distribute to the creditors as dividends regardless of whether a claim is filed. Thus, section 523(a)(3)'s exclusion does not apply: "in a no asset, no bar date case, section 523(a)(3)(A) is not implicated 'because there can never be a time when it is too late to "permit timely filing of a proof of claim." ' " *Beezley*, 994 F.2d at 1436 (quoting *Mendiola*, 99 B.R. at 867 (quoting 11 U.S.C. § 523(a)(3)(A))).

*Mendiola*'s holding that scheduling does not affect discharge in a no asset case is widely accepted. *See e.g., Beezley, id.; In re Humar*, 163 B.R. 296, 298 (Bankr.N.D.Ohio 1993); *American Standard Ins. Co. v. Bakehorn*, 147 B.R. 480, 483 (N.D.Ind.1992); *In re Stecklow*, 144 B.R. 314, 318 (Bankr.D.Md. 1992) (adopting *Mendiola* ); *American Credit Serv. v. Tucker*, 143 B.R. 330, 333 n. 8 (Bankr.W.D.N.Y.1992); *Peacock v. State Farm Auto. Ins. Co.*, 139 B.R. 421, 422 (Bankr.E.D.Mich.1992) (debt was either discharged or not when discharged was entered); *In re Thibodeau*, 136 B.R. 7, 8 (Bankr.D.Mass.1992) (scope of discharge is final when entered); *In re Hunter*, 116 B.R. 3, 4 (Bankr.D.D.C.1990). *Mendiola* was hardly a ground breaker however. To the contrary, several earlier courts took the same approach. *See In re Crull*, 101 B.R. 60, 62 (Bankr.W.D.Ark.1989); *In re Parmer*, 98 B.R. 277, 279 (Bankr.N.D.Tex.1989) (scheduling does not affect dischargeability); *In re Karamitsos*, 88 B.R. 122, 122 (Bankr. S.D.Tex.1988) (filing of amended creditor schedule after discharge has absolutely no effect on dischargeability of debt); *In re Anderson*, 72 B.R. 495, 496 (Bankr.D.Minn. 1987) (scope of discharge under §§ 727 and

523 is final when entered and subsequent events cannot alter it).

■ Today, we adopt this reasoning as well. In a no asset case, the failure to list a debt does not transform a dischargeable liability into a nondischargeable one.

Next, Appellants argue that discharge of a nonscheduled debt violates due process of law. That argument is defective in two ways. First, it is unsupported by authority. Though many bankruptcy cases discuss this issue, Appellants have cited none of them.

■ The second flaw with the due process argument is that it is misplaced. Unscheduled creditors are not without a remedy under the code, even if unaware of the proceeding until after entry of discharge. There are at least three ways to litigate dischargeability after the close of the bankruptcy case. First, if a creditor pursues a claim in state court, the debtor can assert the discharge as an affirmative defense. Second, under Bankruptcy Rule 4007(b), either the debtor or the creditor may reopen the case to litigate dischargeability. Third, the debtor can bring an action in bankruptcy court to enforce the discharge against a creditor attempting to collect a discharged claim. *See Stucker,* 153 B.R. at 221. Even though it is futile in a no asset case like the present one, reopening the bankruptcy case to amend the creditor schedules to add a creditor and allow him to file proof of his claim or to contest dischargeability is not uncommon. *See Stark v. St. Mary's Hosp.,* 717 F.2d 322, 333 (7th Cir. 1983) (in no asset case, case may be reopened to amend creditor schedule); *In re Grabinski,* 150 B.R. 427, 433 (Bankr.N.D.Ill.1993) (debtor's motion to reopen case to allow creditor to file adversary complaint challenging discharge allowed); *In re Walker,* 149 B.R. 511 (Bkrtcy.N.D.Ill.1992) (denying unscheduled creditor right to file adversary complaint to challenge dischargeability would violate due process); *In re Parmer,* 98 B.R. 277, 279 (Bankr.N.D.Tex.1989) (holding that scheduling does not affect dischargeability but allowing case to be reopened to amend schedule of creditors).

Thus, there is no due process violation here because the Appellants have options open to them to protect whatever property interest they may have in an uncollectible claim against the bankrupt estate. Because there were no assets to distribute, the failure to name the Appellants as creditors did them no injury and the procedures now available to them to correct that error are adequate.

Appellants' second argument, that the Debtor should not be allowed to discharge his debt to them because he intentionally omitted the debt from the schedule, is also meritless. Nothing in section 523(a)(3) refers to the debtor's state of mind. Rather, the question is whether there are assets from which a dividend can be paid on timely filed proofs of claim. 11 U.S.C. § 523(a)(3)(A). *See also Stucker,* 153 B.R. at 222. *Cf. Tucker,* 143 B.R. 330 (analyzing intent of debtor in omitting debt from schedule).

The code does provide a creditor a remedy where discharge has been procured by fraud. On the request of a creditor, the bankruptcy court may revoke a discharge upon a finding that the discharge was obtained through fraud. 11 U.S.C. § 727(d)(1). However, Appellants did not rely on section 727(d) below.

■ Further, a request to revoke a discharge under section 727 must be brought within one year of the granting of the discharge. 11 U.S.C. § 727(e)(1). The Appellants are clearly too late for a request pursuant to section 727. Though their brief argues in passing that it is unfair to apply section 727's time limitation to them because they were unaware of the discharge until the time period had elapsed, we are unmoved. Litigants cannot carry the day by merely crying "Unfair!" As we noted above, a litigant who fails to support a point with valid authority waives it. No discussion of equitable tolling or any related doctrine was presented by the Appellants. Within that framework, we agree with Judge Squires' discussion of section 727(e)'s time limitation in a recent case:

> Any inability of creditors to invoke these statutory protections by virtue of late knowledge of the case arising from a debtor's omission from the schedule of creditors, is a matter which should be left to the wisdom of Congress, and is not a matter

which furnishes a basis for relief from the time limit of section 727(e)(1).

*Stucker,* 153 B.R. at 222.

Finally, Appellants argue that the Debtor did not want his debt to them discharged in the bankruptcy proceeding. In support of this, Appellants attached the unsigned declaration of their attorney, apparently filed in the state court proceeding, that states that the Debtor's attorney told the Creditors' attorney that the Debtor did not want the debt discharged. (Exh. A to Appellant's Br.) Thus, Appellants argue that the bankruptcy court had no right to discharge the debt against the Debtor's will. Of course, that argument is nonsense. This entire proceeding concerns the Debtor's attempt to discharge the debt.

Perhaps what Appellants are trying to argue is that the Debtor's voluntary repayment constituted a reaffirmation of the debt pursuant to 11 U.S.C. § 524(c). However, that argument fares no better than the previous one.

■ Post-petition income is not the property of the Chapter 7 estate. 11 U.S.C. § 541(a)(6). Debtors who file under that Chapter may dispose of the post-petition income as they choose, including by voluntary repayment of debts. *In re Hellums,* 772 F.2d 379, 381 (7th Cir.1985). However, voluntary repayment is not binding on the Debtor unless it constitutes a reaffirmation of the debt under section 524. The Debtor's voluntary payment of a portion of the debt in the present case would be unenforceable under section 524(c) because it occurred post-discharge, was apparently oral and thus did not contain a "clear and conspicuous statement" that it may be rescinded by the debtor within sixty days, and was not filled with the bankruptcy court. 11 U.S.C. § 524(c)(1), (2), (3).

## II. *Jurisdiction, Res Judicata, and Collateral Estoppel*

Appellants have three remaining arrows in their quiver. However, all fly wide of their targets. They argue that the bankruptcy court had no jurisdiction to hear this case, that the state court's judgment against the Debtor has a *res judicata* effect barring the bankruptcy court from deciding that the debt was discharged, and that the bankruptcy court was collaterally estopped from ruling on the discharge question.

The jurisdictional issue is one we can summarily dismiss. As the dischargeability of debt is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (I), and (O), the bankruptcy court clearly had jurisdiction to hear the case.

■ Appellants' *res judicata* argument is also meritless. The United States Supreme Court has stated that the doctrine of *res judicata* is inapplicable to a bankruptcy court's consideration of debt dischargeability. *Brown v. Felsen,* 442 U.S. 127, 138–39, 99 S.Ct. 2205, 2212–13, 60 L.Ed.2d 767 (1979). *See also Klingman v. Levinson,* 831 F.2d 1292, 1295 (7th Cir.1987); *In re Maurice,* 138 B.R. 890, 897 (Bankr.N.D.Ill.1992). Appellants do not cite *Brown* or make any attempt to distinguish it or its progeny.

As to the narrower doctrine of collateral estoppel, however, the Supreme Court noted that it would apply if a state court, "in the course of adjudicating a state-law question ... should determine factual issues using standards identical to those of [the Bankruptcy Code]...." *Brown,* 442 U.S. at 139 n. 10, 99 S.Ct. at 2213 n. 10 (citations omitted). Collateral estoppel generally prevents a party from relitigating an issue that the party has litigated and lost. *Ferrell v. Pierce,* 785 F.2d 1372, 1384 (7th Cir.1986). Under *Brown,* although the ultimate issue of dischargeability for purposes of section 523 is to be determined by the bankruptcy court, collateral estoppel would prevent relitigation of subsidiary issues of fact previously determined in the state court proceedings if: (1) the state courts, in determining those issues, used standards identical to those in the Bankruptcy Code; and (2) the criteria necessary for collateral estoppel to apply were satisfied. *See also Klingman,* 831 F.2d at 1295; *In re Roemer,* 76 B.R. 126, 128 (Bankr. S.D.Ill.1987).

The general criteria for application of collateral estoppel to preclude relitigation of issues in a subsequent proceeding are: (1)

the party against whom the doctrine is asserted was a party to the earlier proceeding; (2) the issue was actually litigated and decided on the merits; (3) the resolution of the particular issue was necessary to the result; and (4) the issues are identical. *Appley v. West*, 832 F.2d 1021, 1025 (7th Cir.1987); *Kunzelman v. Thompson*, 799 F.2d 1172, 1176 (7th Cir.1986). As noted in *Klingman*, the bankruptcy court may look behind a state court judgment to determine whether a debt is dischargeable. *Klingman*, 831 F.2d at 1295.

We doubt that collateral estoppel applies in the present case. From the record on appeal, it appears that the state court found for the creditors on the theory that the Debtor's voluntary repayment of a portion of the loan "revived" the debt. (Exh. B to Appellants' Br.) The legal basis for that finding is unclear,[1] but it apparently was not based on either the dischargeability of the debt or a reaffirmation of the debt under the bankruptcy code. The order that appears in the record indicates that the state court found the Debtor's defense of discharge was waived for failure to raise it sooner. Thus, it appears that no analysis of the code took place in the state court proceeding.

However, we need not reach the issue of collateral estoppel. The party asserting collateral estoppel has the burden of establishing which issues were actually determined in his favor in the prior action. *Jones v. Alton*, 757 F.2d 878, 885 (7th Cir.1985). Appellants have fallen far short of that burden, as they make no principled arguments, of law or fact, about the requirements of collateral estoppel. To the contrary, they hardly mention the doctrine at all, simply lumping it in for effect with their meritless arguments about *res judicata* and jurisdiction. Appellants may not force this court to expand time and effort doing work that they should have done long ago by merely reciting the words "collateral estoppel."

1. We note, however, that a finding that a novation has taken place under state law cannot be allowed to create a debt in violation of the Bank-

*Conclusion*

We find Appellants' arguments meritless. The decision of the Bankruptcy Judge is affirmed in its entirety.

ruptcy Code. *See, e.g., In re Grabinski*, 150 B.R. 427, 433 (Bankr.N.D.Ill.1993).