In re Robert BASKOWITZ, Jr., Debtor.

The NORTH RIVER INSURANCE
COMPANY, Plaintiff,

v.

Robert BASKOWITZ, Jr., Defendant.

No. 88–43928–172.
Adv. No. 94–4230–172.

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

March 28, 1996.

842

Bernard A. Reinert, John W. Rourke, St. Louis, MO, for Plaintiff.

Timothy R. Anderson, St. Louis, MO, for Debtor/Defendant.

## MEMORANDUM

JAMES J. BARTA, Chief Judge.

This matter concerns the Amended Complaint to Determine Dischargeability filed on behalf of The North River Insurance Company ("Plaintiff"). The Court announced its determinations and orders from the bench after a trial on October 17, 1994. These determinations have been reduced to writing as a result of a request from persons affected by this ruling.

This is a core proceeding pursuant to Section 157(b)(2)(A), (I) and (O) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334, and former Rule 29 (now Rule 9.01) of the Local Rules of the United States District Court for the Eastern District of Missouri.

In Count I of the First Amended Complaint, the Plaintiff asked the Court to determine that its prepetition debt is not dischargeable pursuant to 11 U.S.C. § 523(a)(3), because Robert Baskowitz, Jr., ("Debtor"), failed to list or schedule the Plaintiff's debt in his original bankruptcy papers. In Count II, the Plaintiff requested a money judgment for its costs and expenses in connection with its attempts to collect the prepetition debt prior to its receipt of notice of the Bankruptcy case.

In his answer to the Amended Complaint, the Debtor argued that the Plaintiff was not harmed or prejudiced as a result of the failure to receive notice of the bankruptcy, because the Chapter 7 case had been closed after the Trustee determined that no assets were available for distribution. The Debtor argued further that the Plaintiff has failed to state a legal basis in law upon which it is entitled to recover a judgment for collection expenses.

These determinations and orders are the final determinations and orders of the Bankruptcy Court.

The facts necessary for this determination are not disputed by either party. On November 25, 1987, the Plaintiff obtained a judgment against the Debtor in the amount of $28,863.00. The judgment was entered in a Third Party action wherein the Plaintiff sought indemnification against the Debtor and others in connection with certain construction bonds that had been executed on behalf of the Debtor and a hotel corporation. Approximately one year after the judgment was entered, the Debtor filed a voluntary petition for relief under Chapter 7. On February 2, 1989, shortly after the conclusion of the meeting of creditors, the Chapter 7 Trustee filed a report indicating that no assets were available for distribution. No deadline to file proofs of claim had been established during the pendency of this case. An order of discharge was entered on March 3, 1989, and the Bankruptcy case was closed upon the Court's Final Order on March 10, 1989.

Neither the Plaintiff nor its debt was listed on the Debtor's original schedules, or on the mailing matrix. The Plaintiff had not been added to the Bankruptcy schedules as of the date of entry of the Final Order. In the Summer and Fall of 1993, the Plaintiff located the Debtor in Daytona Beach, Florida and served him with a summons for Florida's version of a judgment debtor's examination. On November 4, 1993, the Debtor filed a Motion to Reopen the Bankruptcy case. The Motion was granted and the case was reopened by an Order entered on November 5, 1993. The Debtor amended his schedules to include the Plaintiff and the Plaintiff's debt

and served notice as required by the Court's Order. On May 20, 1994, the Plaintiff filed the Adversary Complaint that commenced this proceeding.

■ Although the Plaintiff filed this complaint on a date that was beyond the deadline established in the Court's Order that re-opened the Bankruptcy case, the Plaintiff has not alleged that its debt is not dischargeable pursuant to 11 U.S.C. § 523(a)(2), (4) or (6). Therefore this determination of discharge-ability is not subject to the deadline to file such a complaint referenced in Section 523(c). Furthermore, although the Debtor was directed to submit a request to re-close the case, and a proposed order reflecting that the Plaintiff's debt is subject to the provisions of the Order of Discharge previously entered, he has taken no action in the case during the period between the service of the amendments and the commencement of this Adversary Proceeding. Therefore the Debtor's Motion to Dismiss this complaint on procedural grounds is denied.

■ The dual purposes of a Chapter 7 bankruptcy case are to grant the honest debtor a discharge of his or her prepetition debts, and to provide a mechanism for the fair and orderly distribution of the debtor's assets that are subject to administration by the Trustee. These purposes are fully realized when a debtor complies with the requirement that he or she submit accurate and complete information concerning the identification of creditors and assets. A failure to provide such complete and accurate information can result in the denial of a discharge pursuant to 11 U.S.C. § 727, or a determination that a debt is nondischarge-able pursuant to 11 U.S.C. § 523.

The discussion that follows does not apply to circumstances in which the unscheduled, unlisted debt is not dischargeable for reasons other than the fact that it was unlisted or unscheduled. In such circumstances, if the unscheduled creditor believes that its debt is not dischargeable for a reason other than its status as unlisted or unscheduled, a request for a judicial determination of dischargeability may be presented in an appropriate forum. 11 U.S.C. § 523(c); Rule 4007, Federal Rule of Bankruptcy Procedure ("FRBP").

■ Read together, Sections 727 and 523 provide the analytical framework for finding that non-scheduled debts are either discharged or nondischargeable. Section 727(b) states that "Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor for all debts that arose before the date of the order for relief ... whether or not a proof of claim based on any such debt or liability is filed under section 501 ... and whether or not a claim based on any such debt or liability is allowed under section 502...." A plain reading of this section indicates that a debt is discharged, whether it is scheduled or not, unless the debt is excepted from discharge under the provisions of section 523. *In re Mendiola*, 99 B.R. 864, 865 (Bankr.N.D.Ill. 1989).

Section 523(a)(3) addresses the discharge-ability of unlisted or unscheduled debts by providing that:

"a discharge under section 727 does not discharge any individual from any debt that is neither listed or scheduled under section 521(1), with the name of the creditor, if known by the debtor, ... in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4) or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of discharge-ability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request". 11 U.S.C. § 523(a)(3) (1994).

■ The efficient operation of the bankruptcy system requires that each debtor file a complete and accurate list of all outstanding creditors on the bankruptcy schedules. This listing is necessary for the creditors to receive timely notice of the impending discharge of the debtor's liability, to timely file

a proof of claim, and to bring any complaints to deny discharge in a timely manner.

■ Section 523(a)(3)(A) provides an alternative to the right of a creditor to file a claim in order to share in any distribution of the estate's assets by excepting from discharge debts owed to creditors who did not know of the case in time to file a proof of claim. Section 523(a)(3)(B) safeguards the rights of creditors holding certain kinds of claims that require adjudication by the Bankruptcy Court as to nondischargeability by excepting such debts from discharge if the creditor did not know about the case in time to file a non-dischargeability complaint under section 523(c), even if there was still time to file a proof of claim. *See In re Beezley*, 994 F.2d 1433, 1435 (9th Cir.1992) (per curiam, O'Scannlain, J., concurring).

■ Thus, Section 523(a)(3)(A) excepts from discharge the debt of an unscheduled creditor who was without actual knowledge or notice of the case and who was thereby deprived of the opportunity to timely file a claim and share in the distribution of estate assets. Whereas, Section 523(a)(3)(B) excepts from discharge the debt of an unscheduled claimant who holds a non-dischargeable debt under § 523(a)(2), (4) or (6),[1] who was without actual knowledge of the case, and who was deprived of the opportunity to timely file a claim and to timely file a complaint to determine dischargeability. Section 523(a)(3) operates as a remedy for a creditor who is denied the opportunity of a meaningful assertion of its claim in the case because the debtor failed to schedule the claim. If the unscheduled debt does not fit within either Section 523(a)(3)(A) or (B), it is discharged under Section 727, unless it is non-

dischargeable for a reason other than its status as an unscheduled debt.

■ To be not dischargeable under Section 523(a)(3)(A), a creditor need not establish that the unscheduled debt is otherwise not dischargeable under any other section of the Bankruptcy Code. If the creditor believes that the unscheduled debt is also subject to a determination of non-dischargeability under Section 523(a)(2), (4) or (6), the cause of action may be brought under Section 523(a)(3)(B).

■ If the unscheduled debt would have been dischargeable had it been properly scheduled, the debt is not dischargeable under Section 523(a)(3) if assets were (or are) available for distribution, and if the creditor is unable to timely file a proof of claim or otherwise share in the distribution as a tardily filed claim.[2] Therefore, as part of its consideration in these matters, a court must also determine whether or not assets were (or are) available for distribution.

### Section 523(a)(3)(A)

■ If the unscheduled debt is not of a kind specified under Section 523(a)(2), (4) or (6), and the case is a no asset case, the unscheduled debt is discharged and otherwise subject to the Order of Discharge. In this situation, if no assets were (or are) available for distribution, the unscheduled debt is subject to the terms of the Order of Discharge even if a debtor were to never formally add the creditor to the bankruptcy schedules, and even if the creditor were to take no other action. Furthermore, in these circumstances, if the unscheduled creditor believes that its debt is not of a kind specified under Section 523(a)(2), (4) or (6), but that it is not dischargeable for a reason other than the

1. The Bankruptcy Amendments Act of 1994 added a new paragraph number 15 to the list of non-dischargeable debts under Section 523(a). The new paragraph 15 was also added to Section 523(c) which requires a judicial determination of dischargeability of debts under Sections 523(a)(2), (4), (6) and (15). Although Section 523(c) refers to Section 523(a)(3)(B), the new paragraph 15 was not added to the latter section. The Senate Committee on the Judiciary is considering a bill to make technical corrections to Title 11 of the United States Code. Section 9 of Senate Bill 1559 would add paragraph 15 to

Sections 523(a)(3)(A) and (B). Because the matters being determined here arose prior to the effective date of the 1994 Amendments, a further consideration of this apparent inadvertent omission is not required here.

2. This analysis is consistent with the proposed amendment to Rule 3002(c)(6) and (d) which, if adopted, will recognize that a tardily filed proof of claim may be entitled to a distribution under Section 726(a)(2)(c) and (3).

fact that it was not scheduled, a request for a judicial determination of dischargeability may be presented in an appropriate forum. *See* 11 U.S.C. § 523(c); Rule 4007, Federal Rules of Bankruptcy Procedure ("FRBP").

■ If however, assets were collected by the Trustee, and the unscheduled debt is not of a kind specified in Section 523(a)(2), (4) or (6), the unscheduled debt is not discharged if the holder of the claim is not listed or scheduled in time to permit the creditor to timely file a proof of claim or to otherwise share in the distribution. As above, if the creditor believes that the unscheduled debt is not dischargeable under a statute other than Section 523(a)(2), (4), or (6), a request for a judicial determination of dischargeability may be presented in an appropriate forum. Section 523(c); Rule 4007, FRBP.

■ If a trustee has determined that there are no assets to distribute in a Chapter 7 case, the requirement to file a proof of claim is meaningless. *Mendiola*, 99 B.R. at 867. Bankruptcy Rule 2002(e) permits the entity giving notice of the meeting of creditors to include a statement to the effect that there are no assets from which a dividend can be paid and that it is therefore unnecessary for creditors to file proofs of claim; and that if sufficient assets become available later, further notice of the need to file claims is to be given. Fed.R.Bankr.Proc. 2002(e). Thus, when notice of the creditor's meeting includes a statement that there appear to be no assets, and that no claims are to be filed unless the creditor receives notice to do so, there is an exception to the basic rule that claims are to be filed within 90 days after the first date set for the meeting of creditors. *Beezley*, 994 F.2d at 1436; FRBP Rule 2002(e), Rule 3002(c). Under this exception, creditors need not file claims until and unless a notice is sent stating that non-exempt assets have been found which may permit a distribution to creditors. Fed.R.Bankr.Proc. 3002(c)(5).

■ In a case where no assets are available, and there has been no deadline set for creditors to file proofs of claim, Section 523(a)(3)(A) does not render the unscheduled debt non-dischargeable because there is not yet a time when it is too late to permit a timely filing of a proof of claim.

■ A proof of claim that has been tardily filed under Section 501(a) of Title 11 may share in the distribution if the claimant did not have notice or actual knowledge of the case in time to timely file a proof of claim, and if the proof of claim is filed in time to permit payment of the claim. 11 U.S.C. § 726(a)(2)(C). If there are assets, but the unscheduled creditor has no notice or actual knowledge enabling it to file a timely claim or a tardy claim and to participate in the distribution, the debt would be non-dischargeable under Section 523(a)(3)(A).

### Section 523(a)(3)(B)

■ Section 523(a)(3)(B) operates when a creditor has established that the unscheduled debt is of a kind specified in Section 523(a)(2), (4) or (6). These sub-sections require that the creditor file a complaint to determine the non-dischargeability of a debt within the time specified. If no such complaint is timely filed, the debt will be discharged under Section 727. However, an unscheduled creditor without actual knowledge of the bankruptcy case will be unable to file a timely complaint for such a determination. Thus, Section 523(a)(3)(B) provides that the debt of an unscheduled creditor who establishes that the debt is of a kind specified in Section 523(a)(2), (4) or (6) will not be discharged unless the creditor had actual knowledge of the case in time to file a request to determine dischargeability and to timely file a claim.

■ If the creditor has established that the unscheduled debt is of a kind specified in Section 523(a)(2), (4) or (6), and the case is a no asset case, the unscheduled debt is not discharged if the creditor was not listed or scheduled in time to permit a timely request for a determination of dischargeability under Section 523(a)(2), (4) or (6). If assets were available for distribution, the unscheduled debt is not dischargeable if the claim is not listed or scheduled in time to permit a timely request for a determination of dischargeability, and in time to permit a timely filing of a proof of claim.

In the case at bar, the record has established that Section 523(a)(3)(A) does not apply to this debt. The notice of the creditor's meeting contained the statement that it appeared that there would be no assets available for distribution to creditors and that it was unnecessary for the creditors to file proofs of claim unless so notified. The record reflects that a claims bar date has not been set by the Court.

Further, the Plaintiff has not argued or established that the debt falls under paragraphs (2), (4), or (6) of Section 523(a). Therefore, Section 523(a)(3)(B) does not apply.

As to Count I, the Court has determined that the debt is discharged pursuant to section 727(b).

As to Count II, the Court finds that the Debtor had or should have had knowledge of the Plaintiff's claim and yet failed to list the Plaintiff as a creditor in the Debtor's bankruptcy schedules. The Debtor's omission of the claim held by the Plaintiff caused the Plaintiff to incur postpetition expenses in connection with the prosecution of this Adversary Complaint. It is not reasonable to believe that such expenses would not have been necessary had the Plaintiff had notice of the Debtor's bankruptcy filing.

These expenses are the direct result of the Debtor's repeated failure to perform the duties required by the Bankruptcy Code and the Orders of the Bankruptcy Court. Pursuant to 11 U.S.C. § 105, the Court may take such action as is necessary or appropriate to carry out the provisions of Title 11, including directing the payment of costs when appropriate. The Plaintiff's reasonable costs in this matter will be limited to those expenses associated with its postpetition collection activities before the Plaintiff had actual knowledge of the Debtor's bankruptcy case. Judgment will be entered in the amount of $3,214.74 plus the filing fee for this Adversary Proceeding for a total judgment of $3,334.74.