**In re Kelsey A. KIRK, Betty A. Kirk, Debtors.**

**Bankruptcy No. 94–14248.**

United States Bankruptcy Court,
E.D. Tennessee.

March 20, 1997.

er that someone does have an interest in the vehicle.

R. Dee Hobbs, Bell, Turner, Murphy, Wilson & Hobbs, Chattanooga, TN, for debtors.

Scott N. Brown, Jr., Trustee, Brown, Dobson, Burnette & Kesler, Chattanooga, TN.

### MEMORANDUM AND ORDER

R. THOMAS STINNETT, Bankruptcy Judge.

This case is before the court upon the debtors' motion to reopen case. A case may be reopened for cause. 11 U.S.C. § 350(b). The debtors' stated purpose for reopening the case is to amend their schedules so as to add a pre-petition creditor. The relevant facts are apparent from the record in the case.

The debtors filed a voluntary petition under chapter 7 of the Bankruptcy Code (11 U.S.C. § 101 et seq.) ("Code") on November 29, 1994. Because it appeared from the schedules there would be no assets for distribution to unsecured creditors, the clerk sent a notice to creditors advising them of the filing of the petition and also advising them there was no need to file claims at that time. Bankruptcy Rule 2002(e). See Form 9A of the Official Bankruptcy Forms. The notice did confirm March 7, 1995, as the last day to file complaints to determine dischargeability of debts. See FED.R.BANKR.P. 4007(c). The notice was sent December 8, 1994.

The trustee appointed in the case later filed what is commonly referred to as a no-asset report indicating there would be no distribution to creditors. A bar date for filing claims was never established. The debtors received a discharge on April 27, 1995. The case was closed June 13, 1995.

Subsequently, a state court civil action for recovery of damages was commenced against the debtors by Chrysler Credit Corporation ("Chrysler"). According to the motion, the claim of Chrysler is a pre-petition claim. Chrysler was not listed on the debtors' schedules filed in the case and presumably had no knowledge of the bankruptcy at the time the civil suit was instituted. There is no indication whether this debt is of the kind specified in 11 U.S.C. § 523(a)(2), (4), or (6).

Of course, some debts are specifically excluded from the discharge afforded under 11 U.S.C. § 727. For example, certain taxes [11 U.S.C. § 523(a)(1) ], alimony and child support [11 U.S.C. § 523(a)(5) ], fines and penalties [11 U.S.C. § 523(a)(7) ], student loans [11 U.S.C. § 523(a)(8) ], and other types of obligations defined by 11 U.S.C. § 523(a)(9–17) (except 15) may be excluded from discharge without any affirmative action being initiated by the creditor. Such is not the case with respect to those obligations that may be defined by paragraphs (2) [money obtained by false pretenses or actual fraud, or by use of a false financial statement], (4) [fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny], (6) [willful and malicious injury], or (15) [obligations incurred in the course of a divorce or separation not described as alimony, maintenance or child support] of § 523(a) of the Code.

■ The Code and Bankruptcy Rules clearly provide that debt of the kind specified in paragraphs (2), (4), (6), and (15) of 11 U.S.C. § 523(a) will be discharged unless the creditor timely initiates an action to determine the dischargeability of the debt. 11 U.S.C. § 523(c)(1); Bankruptcy Rule 4007(c). Ordinarily, a timely complaint to determine dischargeability of a debt of the kind specified in paragraphs (2), (4), (6), and (15) of § 523(a) of the Code must be filed within sixty (60) days following the first date set for the meeting of creditors. Bankruptcy Rule 4007(c). The Code provides an exception to this general rule in the event a creditor was not listed or scheduled and does not obtain notice or actual knowledge of the case in time to file a timely request for determination of dischargeability of debt specified in paragraph (2), (4), or (6) [1] of § 523(a) of the Code. 11 U.S.C. § 523(a)(3)(B).

Likewise, 11 U.S.C. § 523(a)(3)(A) protects creditors that were neither listed nor scheduled and do not have notice or actual knowledge of the case in time to file a timely proof of claim. The Bankruptcy Code provides, in pertinent part:

> A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—
>
> ... (3) neither listed nor scheduled ... in time to permit—
>
> (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
>
> (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or ac-

tual knowledge of the case in time for such timely filing and request.

. . . . .

11 U.S.C. § 523(a)(3).

Even though a pre-petition creditor does not receive notice of a no-asset bankruptcy case, unless a bar date has been established, the creditor still has time to file a claim and receive a distribution equal to all other similarly situated creditors. Thus, if the court has not set a bar date for filing proofs of claim, then the debt is excepted from discharge, or can be excepted from discharge, only if it comes within one of the other exceptions in § 523(a); in that situation, § 523(a)(3) does not make lack of notice a sufficient ground to except the debt for discharge. *In re Mendiola,* 99 B.R. 864, 867 (Bankr.N.D.Ill.1989); *Karras v. Hansen (In re Hansen),* 165 B.R. 636, 638 (N.D.Ill.1994).

■ If the debt is a debt subject to the exceptions to · discharge as described in § 523(a)(2), (4), or (6), and the creditor does not have notice or actual knowledge of the case in time to make a timely request for determination of dischargeability of the debt, then the debt is not discharged. *Urbatek Systems, Inc. v. Lochrie (In re Lochrie),* 78 B.R. 257 (9th Cir. BAP 1987); *North River Ins. Co. v. Baskowitz (In re Baskowitz),* 194 B.R. 839 (Bankr.E.D.Mo.1996). Any court of competent jurisdiction, including the state court and this court, would have jurisdiction to determine the dischargeability of the pre-petition debts if it is asserted that the nature of the debt is described in § 523(a)(2), (4), or (6) under the facts of this case. 11 U.S.C. § 523(c) and (a)(3)(B); *Fed.R.Bankr.P.* 4007(b); *Fidelity National Title Ins. Co. v. Franklin (In re Franklin),* 179 B.R. 913 (Bankr.E.D.Calif.1995).

■ Although reopening this case in order to allow the debtors to amend their schedules to include Chrysler as a creditor will not affect dischargeability of the debt, the debtors have requested the opportunity to do so. In addition to the unnecessary expense to

---

1. The Code is silent with respect to a debt specified in 11 U.S.C. § 523(a)(15), perhaps through inadvertence in drafting the 1994 Amendments. *See Fidelity National Title Ins. Co. v. Franklin (In re Franklin),* 179 B.R. 913, note 25 (Bankr. E.D.Cal.1995); 4 Lawrence P. King, et al., *Collier on Bankruptcy* ¶ 523.09, note 2 (15th ed. 1996).

debtors, reopening the case creates needless administrative paperwork. *In re Humar*, 163 B.R. 296 (Bankr.N.D.Ohio 1993).

The Sixth Circuit has held that in factually distinguishable cases, the failure to allow amendments to schedules is an abuse of discretion. *Rosinski v. Boyd (In re Rosinski)*, 759 F.2d 539 (6th Cir.1985) ("Bankruptcy Judge abused discretion by refusing debtor's motion to reopen case to schedule *clearly* dischargeable debt"); *Soult v. Maddox (In re Soult)*, 894 F.2d 815 (6th Cir.1990) ("Allowed debtor to reopen case even though a bar date had been set.") There may be other reasons not apparent on the face of the motion. *Judd v. Wolfe (In re Judd)*, 78 F.3d 110, 117 (3rd Cir.1996). Thus, cause exists under 11 U.S.C. § 350(b).

The debtors have paid the $130.00 fee for reopening cases as prescribed in 28 U.S.C. § 1930(a). Accordingly,

It is ORDERED that the debtors are allowed to reopen this case in order to permit them to amend their schedules, and the clerk is directed to reopen this case; and

It is further ORDERED that the debtors are allowed ten (10) days from the date of entry of this Memorandum and Order within which to amend their schedules.

This Memorandum constitutes findings of fact and conclusions of law as required by Fed.R.Bankr.P. 7052.