**In re James C. DONALD Sr. and Elizabeth J. Donald, Debtors.**

**David J. Pelletier and Susan P. Pelletier, Plaintiffs/Appellants,**

v.

**James C. Donald Sr. and Elizabeth J. Donald, Defendants/Appellees.**

**BAP No. MW 98–003.**

United States Bankruptcy Appellate Panel of the First Circuit.

Oct. 26, 1999.

David J. Pelletier, Oxford, MA, Susan P. Pelletier, Dudley, MA, pro se, on brief for appellants.

William N. Kring, Dudley, MA, on brief for appellees.

Before VOTOLATO, Chief Judge and LAMOUTTE and HAINES, Bankruptcy Judges.

LAMOUTTE, Bankruptcy Judge.

The issue on appeal is whether the bankruptcy court erred in granting debtors' motion for summary judgment and dismissing Pelletier's complaint objecting to or revoking a discharge and to determine the dischargeability of the debt.

1.  None of the appendices submitted in this matter contain numbered pages; they will therefore be referred to in general terms.

2.  The superior court judge noted in his order of January 20, 1998, that this case was begun by the Donalds against the Pelletiers as "a boundary and fence dispute of long-standing between abutting property owners, which dispute has also led to various criminal charges being made and convictions being entered against both sides." According to Judge Fecteau, the dispute apparently began with the Donalds' allegation that the Pelletiers had begun the installation of a "Kentucky style" horse farm fence by installing fence posts on the Donalds' property. An agreement entered into on October 29, 1996, provided that the Pelletiers would install a "stockade" style fence. A hearing was held on August 26,

*Jurisdiction and Standard of Review*

■ The bankruptcy court's findings of fact are reviewed under a clearly erroneous standard, while its legal conclusions are reviewed *de novo.* *Jeffrey v. Desmond,* 70 F.3d 183 (1st Cir.1995); *In re SPM Mfg. Corp.,* 984 F.2d 1305 (1st Cir. 1993).

*Background*

The Donalds' filed a voluntary petition under chapter 7 of the Code on November 21, 1995. (See docket of bankruptcy case no. 95–45326 in appellants' appendix)[1]. The Pelletiers were listed as creditors in the debtors' schedules accompanying their petition. The discharge order was entered on February 22, 1996 (dkt. # 13), and the order closing the case and discharging the trustee was entered on June 14, 1996.

The Pelletiers were included as creditors in the Donalds' bankruptcy petition because of an action which is still pending in the Worcester Superior Court, case no. 91–00450. That action, filed on February 11, 1991, is based upon a boundary dispute between the parties as to the construction of a fence along their common property line. As can be gleaned from the parties' briefs and the documents contained in their accompanying appendices, this dispute erupted into an all-out war and resulted in criminal charges against both parties.[2]

1997, regarding the complaint for contempt by the Donalds for the alleged failure of the Pelletiers to construct a fence in accordance with the agreement. The court concluded that the parties had independent obligations under the agreement, ordered the Pelletiers to construct the fence but extended their time to do so until November, and ordered the Donalds to clear some brush which obstructed the construction of the fence. Apparently, within a week of the August trial and entry of judgment, Pelletier alleges that the Donalds destroyed the fence he had erected by cutting it down with a chainsaw, prompting the Pelletiers to file a complaint for contempt and motions to vacate the orders of August 27, 1997 and the agreement of October 29, 1996.

Pelletier argues that on November 4, 1996, he wrote a letter to the United States Trustee (hereinafter referred to as "UST") alleging various irregularities regarding the Donalds' petition. As a result of Pelletier's letter, the UST wrote to the interim trustee on November 26, 1996 and again on January 23, 1997. These actions on the part of the UST apparently led Pelletier to believe that the debtors' discharge may be "reopened". However, as the time limit for filing a motion for revocation of discharge under § 727(e)(1) and Bankruptcy Rule 9006 drew near without any notice of action on the part of the trustee or UST, appellant Pelletier filed an emergency motion on February 24, 1997, to reopen the case (dkt. # 19). The bankruptcy judge entered an endorsement order on March 5, 1997, denying the motion due to untimeliness. Pelletier filed a motion for reconsideration (dkt. # 21), along with affidavits (dkt. # 22), on March 7, 1997, to which debtors objected on March 13, 1997 (dkt. # 23). The bankruptcy judge entered an endorsement order on May 16, 1997, granting the motion for reconsideration and directing Pelletier to file an adversary proceeding. The case was reopened on May 19, 1997.

The complaint objecting to discharge and to the dischargeability of the debt was filed on June 5, 1997, thereby commencing adversary proceeding no. 97–4211. Several motions for supplemental, additional and amended complaints were filed, as well as motions for injunctions and discovery-related motions.

The bankruptcy court held a hearing on debtors' motion for summary judgment on January 13, 1998, at which time it entered an order granting the motion and dismissing the complaint with prejudice. The court stated that its reasons therefore were (1) for the reasons argued by counsel set forth in the briefs[3]; (2) because the complaint doesn't state a cause of action[4]; and (3) because the complaint seeking to revoke discharge is time-barred, having been filed one day late and, further, because the complaint seeking to have the debt declared non-dischargeable by reason of fraud is also time-barred. See transcript of hearing in appellants' appendix at p. 12. Pelletier filed a motion for reconsideration which was denied by the bankruptcy court on January 22, 1998.

Subsequent to the bankruptcy court's order dismissing the complaint, the Worcester Superior Court issued an order on January 20, 1998, addressing the pending matters in the state court proceeding; specifically, the defendants' motions to vacate the judgments entered on August 27, 1997 and October 29, 1996. See appellants' appendix. The superior court judge concluded that the original allegations of the complaint, as well as all that followed, had never been adequately addressed by the parties, and that his August decision was not the most appropriate disposition of the dispute. Rather, he concluded, he should have put the parties in the position they were when the dispute began, noting the parties' stated belief that each of the parties' obligations is dependent upon the other party living up to his respective obligation, as well as the parties stated intention that if their agreement was violated it would be nullified and the parties returned to their respective positions held prior to the execution of the Agreement. Thus, the judge concluded that the final paragraph of his decision of August 26, 1997 should be vacated, as well as the Agreement for Judgment and Stipulation of Dismissal entered on October 29, 1996, stating that "[a]ll matters put in issue by the plaintiffs' original complaint and the counterclaim of the defendants are hereby revived and the case is ordered for trial, with jury, on August 24, 1998...."[5]

3. Copies of the briefs were not included in the appellate record.

4. A copy of the complaint was not included in the appellate record.

5. The action was subsequently stayed pending the outcome of this appeal.

Pelletier argues that the bankruptcy court erred in granting the debtors' motion for summary judgment and dismissing his complaint objecting to or to revoke discharge and to determine the dischargeability of a debt. According to Pelletier, the debtors' discharge should be revoked because they did not fully disclose the nature of the state court action which is the basis for his claim, and if they had, his claim would have been held nondischargeable as it is based upon the tort of assault and battery. Further, he alleges that his complaint objecting to discharge should be considered timely filed because it was filed in good faith and as soon as he became aware of the fraudulent activity.

The debtors argue that the bankruptcy court's order should be affirmed because Pelletier's complaint objecting to discharge was filed late; that is, one year and two days after the discharge was entered. The debtors further argue that they did not intentionally transfer or conceal any assets in order to defraud their creditors.

### Discussion

*The Record on Appeal*

The bankruptcy judge articulated the following bases for his ruling when he granted the Donalds' motion for summary judgment and dismissed Pelletier's complaint with prejudice:

I'm granting the motion, and I'm granting the motion for three reasons: One, for the reasons argued by counsel set forth in the brief; secondly, because I find that the complaint simply doesn't state a cause of action; and thirdly, for time bar reasons. It is necessary to file a complaint seeking to revoke a discharge within a year. That wasn't done. It was a year and a day, but the statute says a year. I have no discretion really to bend the statute.

And as to a complaint seeking to have a debt declared nondischargeable by reason of fraud, there is a sixty-day time period required for the bringing of that complaint. That hasn't been—that hasn't been observed here. So really for those three reasons I'm granting the motion, and I'm dismissing the complaint.

Although the record before this panel does include the transcript containing the aforementioned ruling, it does not include the documents upon which those findings are based and to which they refer—namely, the briefs arguing the summary judgment motion and the complaint objecting to discharge. Neither the appellate brief filed by Pelletier nor his oral argument before this panel elucidate the basis for those findings, leaving this panel with little to evaluate. It is Pelletier's obligation, as appellant, to adequately develop his factual allegations and his claims of error, and his failure to do so may be deemed waiver of those arguments. *See Executive Leasing Corporation v. Banco Popular de Puerto Rico*, 48 F.3d 66, 67 (1st Cir.1995). Although the grant of summary judgment is reviewed *de novo*, in the light most favorable to the nonmoving party and indulging all reasonable inferences in that party's favor, the appellant is not excused from arguing the issues on appeal. *Id.* at 68. *See also, United States v. Zannino*, 895 F.2d 1, 17 (1st Cir.1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."), cert. denied, 494 U.S. 1082, 110 S.Ct. 1814, 108 L.Ed.2d 944 (1990).

Pelletier argues that the bankruptcy court erred in granting the summary judgment motion and dismissing his complaint, but rather than explaining the factual and/or legal basis for the judge's supposed error, he simply restates his allegation that the debtors failed to disclose the nature of the state court action underlying his claim, which if they had would allegedly have resulted in his claim being held nondischargeable. There is no indication that such a finding, if it were made, would constitute a basis for objection to discharge under § 727(d)(1).

### The Grounds to Revoke a Discharge

Section 727(d)(1) provides that the bankruptcy court should revoke a discharge granted under § 727(a) if "such discharge was obtained through fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge." The fraud which must be shown is fraud "in fact", such as the intentional omission of assets from the schedules, and must involve intentional wrong. 6 Lawrence P. King, et al., *Collier on Bankruptcy* ¶ 727.15[2] (15th ed. rev.1999). Furthermore, an essential element of § 727(d)(1) is that the party requesting revocation of discharge did not know of the fraud until after the discharge was granted. *Id.* at ¶ 727.15[3]. A party is considered to have constructive notice of a transaction from the time it is properly recorded, and such notice may be sufficient to bar a subsequent request to revoke a discharge. *Id.* Revocation is restricted to fraud which is discovered after the discharge, and a party requesting revocation has the burden of proving its lack of knowledge of the fraud before discharge. *Id.* Pelletier's allegations, even if true, do not rise to the level of fraud contemplated by § 727(d)(1).

### Timeliness of the Complaint

Pelletier's other argument centers on the bankruptcy court's finding that his complaint was untimely filed. Apparently Pelletier's complaint both objected to the dischargeability of his debt under § 523(a)(4) & (6) and objected to discharge under § 727(d)(1). Federal R.Bankr.P. 4007(c) provides that "[a] complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)." The first date set for the 341 meeting was December 21, 1995. Pelletier's complaint objecting to the dischargeability of his debt was filed

on June 5, 1997, and therefore was clearly filed late.

Fed.R.Bankr.P. 4007(c) sets the deadline for filing complaints regarding the nondischargeability of debts under § 523(a)(2), (4), (6) & (15) in cases under chapter 7 of the Code. "The power to decide dischargeability issues under these provisions is vested exclusively in the bankruptcy court, and unless the court expressly decides that a debt is nondischargeable under paragraphs (2), (4), (6), or (15) of section 523(a), the debt may never be held nondischargeable under those provisions." 9 Lawrence P. King, et al., *Collier on Bankruptcy* ¶ 4007.04 (15th ed. rev.1999). The commentator continues, "[t]hus, unlike other dischargeability issues which may be raised at any time under Rule 4007(b), these issues must be raised by a creditor before the deadline expires; otherwise they are forever lost to the creditor." *Id.; In re Gray,* 156 B.R. 707 (Bankr.D.Me.1993). Accordingly, the bankruptcy judge correctly found that Pelletier's complaint seeking to determine the dischargeability of his debt under § 523(a)(4) & (6) was time-barred.

The bankruptcy judge was also correct in finding that the complaint objecting to discharge under § 727(e) was also filed late, albeit under a different rationale than he articulated. Section 727(e) of the Bankruptcy Code provides that a creditor may request revocation of a discharge under subsection (d)(1) of this section [6] within one year after the discharge was granted. "This is not a mere statute of limitations, but an essential prerequisite to the proceeding." 6 Lawrence P. King, et al., *Collier on Bankruptcy* ¶ 727.16 at p. 727–72 (15th ed. rev.1999), citing *In re Karras,* 165 B.R. 636 (N.D.Ill.1994). Furthermore, the one-year period is not tolled by the debtor's concealment of assets. *Id.* at 727–73. The Donalds' discharge was granted on February 22, 1996; therefore, Pelletier had to file his request for revoca-

---

**6.** Subsection (d)(1) provides that the court shall revoke a discharge if such discharge was obtained through fraud of the debtor, and the

requesting party did not know of the fraud until after the discharge was granted.

tion of discharge within one year of that date.

Bankruptcy Rule 9006 provides that in computing any period of time prescribed or allowed by these rules, the day of the act from which the designated period of time begins to run shall not be included. It further provides that the last day of the period so computed shall be included, unless it is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next day which is not one of the aforementioned days. The Donalds' discharge was entered on February 22, 1996; therefore, the "within one year" proscription of § 727(e) began to run on February 23, 1996, and expired on February 23, 1997. However, since February 23, 1997 was a Sunday, under Rule 9006 Pelletier had until Monday, February 24 to file his request.

Pelletier did file his emergency motion to "reopen" debtors' discharge on February 24, 1997. However, Fed.R.Bankr.P. 7001(4) provides that a proceeding to object to or revoke a discharge must be filed as an adversary proceeding. Pelletier did not file an adversary proceeding on February 24; he did not file his complaint objecting to dischargeability and to discharge until June 5, 1997. He did so because the bankruptcy judge, although initially denying Pelletier's emergency motion, on reconsideration granted him until June 9, 1997 to file his complaint. In effect, the bankruptcy judge granted Pelletier an extension of time to file his complaint objecting to discharge and dischargeability. The panel believes that he did so in error.

Although Fed.R.Bankr.P. 9024 makes Fed.R.Civ.P. 60 applicable to bankruptcy cases, it "specifically provides that this application of the Civil Rule does not permit extension of the time allowed by section 727 for the filing of a complaint to revoke a discharge." *Collier*, ¶ 727.16[1] at 727–73. The commentator goes on to note "[t]he 1983 Advisory Committee note to Rule 9024 states that this makes clear that Rule 60(b) affords no basis for circumvention of the time limitations prescribed by section 727 for the commencement of any proceeding to revoke a discharge." *Id.*, citing *In re Barrup*, 53 B.R. 215 (Bankr.D.Vt.1985). Thus, the bankruptcy judge erred in reconsidering his initial denial of Pelletier's emergency motion and extending the time in which he was allowed to file a complaint objecting to discharge.

### *Conclusion*

The panel concludes that the appellant failed to demonstrate that the bankruptcy judge erred in his ruling leading to the dismissal of the complaint. The action to determine dischargeability of debt is time-barred; and the dismissal of the action to revoke discharge is affirmed on three separate grounds. First, appellant has not placed the panel in a position to review the merits of his allegations on appeal. Second, even if true, the allegations are not sufficient to revoke the discharge. And, third, the complaint is time-barred. The judgment is affirmed.

SO ORDERED.